Little *v.* State.

## LITTLE *v.* STATE.

1. CRIMINAL LAW. *Uncommunicated threats. Character of deceased for violence. Instruction to jury.* In trials for homicide, evidence of the violent and dangerous character of the person slain is admissible, without reference, it seems, to the question whether there is any evidence in the case showing that at the time of the killing the defendant was in danger, real or apparent, of death or great bodily harm at the hands of the deceased.

Case cited: Rippy *v.* State, 2 Head, 217.

2. SAME. *Same. Same.* In trials for homicide, evidence of threats made by the deceased person against the prisoner, but not communicated to the prisoner before the killing, is admissible in all cases where the acts of the deceased in reference to the fatal meeting are of a doubtful character.

Cases cited: Copeland *v.* State, 7 Hum., 479; Jackson *v.* State, *ante*; Nelson *v.* State, 2 Swan, 237.

3. CHARGE OF COURT. *The refusal to instruct the jury upon the law of manslaughter.* In trials for murder the refusal to instruct the jury upon the law of manslaughter is erroneous, because it discloses the opinion of the judge upon a material question of fact, and is hence an invasion of the province of the jury.

Case cited: Pool *v.* State, 2 Baxter, 294.

---

### FROM SHELBY.

---

Appeal from the Criminal Court. JOHN R. FLIPPIN, Judge.

L. B. HORRIGAN for plaintiff in error.

ATTORNEY-GENERAL HEISKELL for the State.

McFARLAND, J., delivered the opinion of the court.

This was a conviction of murder in the second degree—from the judgment the prisoner has appealed.

Without discussing the case at length, we announce as our opinion that the judge of the Criminal Court erred in rejecting evidence, offered by the defendant, of previous threats made by the deceased against the prisoner, and of the character of the deceased.

The case upon this question is similar to the case of *Robert Jackson* v. *The State,* decided at the present term, *ante.* The opinion in that case gives the reasons upon which our determination of the question rests, and we deem it unnecessary to repeat them again, but refer to that case for the law as we understand it upon the question. That case also settles the questions made in the present case, as to the law applicable to that class of cases where the person claims to have acted under an honest and well founded apprehension that his own life was then in eminent peril.

In the present case the prisoner offered proof of threats made against him by the deceased, which had been communicated to the prisoner; the rejection of this as we have said was determined to be error in the case of *Jackson* v. *The State,* before referred to.

This different question is presented in this case. The prisoner offered proof of other threats made against him by the deceased, but which had not been communicated to the prisoner, and this proof was likewise rejected.

The true rule upon this question we apprehend to be this. Previous threats of the deceased communi-

Little v. State.

-cated to the prisoner, tend to show the state of mind of the prisoner, the apprehension under which he was acting, and tend to illustrate his conduct and motives, in connection with the other facts and circumstances of the case.

Previous threats of the deceased against the prisoner, but not communicated to him, do not furnish the same evidence of the motives brought to bear upon the prisoner's mind, and are not admissible for the same purposes.

But in all cases where the acts of the deceased in reference to the fatal meeting are of a doubtful character, then evidence which may tend to show that he sought the meeting or began or provoked the combat is admissible. And in this view, previous threats made by the deceased, though not communicated to the prisoner, may yet tend to show the animus of the deceased, and to illustrate his conduct and motives, and in some cases might be important, in the absence of more direct evidence, to show which party began or provoked the fight.

Threats of this character are in proper cases admissible, but for a different purpose from the former class of cases. See upon this question *Campbell* v. *The People*, 16 Ill., 17, 18; *Keener* v. *The State of Georgia*, 16 Georgia, 194; 1 Kelly, (Ga. R.) 220; *Nelson* v. *The State*, 2 Swan, 237, 262; *Copeland* v. *The State*, 7 Hum.

The present case does not present as clear grounds for the admissibility of this evidence as many others, but deem it a proper case to admit the evidence, and

leave its effect to be determined by the jury under proper instructions.

We think the judge erred in declining to instruct the jury as to the law of manslaughter; the record shows that the judge told the jury that he intentionally omitted to charge them upon this question.

This we have held to be error, after full consideration in recent cases. This is in effect to tell the jury that if the prisoner is guilty at all, in the opinion of the Judge, his crime cannot fall below murder in the second degree.

This we think is invading the province of the jury. See *Pool and Mahaffy* v. *The State*, MS.

We do not deem it necessary to discuss the other questions argued. They will be found well settled as we think by other cases.

For the errors indicated the judgment is reversed and a new trial awarded.

NOTE.—In the case of Little *v.* The State, April Term, 1873, the Supreme Court of Tennessee stated the true rule as follows:

"Previous threats of the deceased, communicated to the prisoner, tend to show the state of mind of the prisoner, the apprehensions under which he was acting, and tend to illustrate his conduct and motives, in connection with the other facts and circumstances of the case.

"Previous threats of the deceased against the prisoner, but not communicated to him, do not furnish the same evidence of the motives brought to bear upon the prisoner's mind, and are not admissible for the same purpose. But in all cases where the acts of the deceased, in reference to the fatal meeting, are of a doubtful character, then evidence which may tend to show that he sought the meeting, or began or provoked the combat, is admissible. And in this view, previous threats by the deceased, though not communicated to the prisoner, may yet tend to show the animus of the deceased, and to illustrate his conduct and motives, and, in some cases, might be important, in the absence of more direct evidence, to show which party began or provoked the flight."

There is nothing in the language of the court that will confine these

Little *v.* State.

threats to such a point of time as makes them of the *res gestœ;* and the reasoning of the court shows conclusively that their admissibility is placed upon different ground altogether.

The same doctrine is laid down in the case of The State *v.* Goodrich, 19 Vt., 116. The uncommunicated threats and declarations of the assaulted party were held admissible in this case, not only as part of the *res gestœ,* "but also as tending to show the state of mind which the witness entertained towards the defendant."

In the case of Holler *v.* The State, 37 Ind., 57, the court said :

"If the defendant had made previous threat of killing the deceased, it is very clear that they would have been admissible in evidence; and we can not see any good reason why the threats of the deceased against the defendant are not also competent evidence."

The court held, in Kenner *v.* The State, 18 Ga., 194, that uncommunicated threats were admissible to show the *quo animo* of the deceased, and that the remoteness or nearness of time of the threats did not affect their competency.

To these authorities may be added the opinion of the Supreme Court of the United States in Wiggins *v.* The People, and of Mr. Wharton also. Sec. 1027 Wharton's Criminal Law. Opposed to the doctrine are a number of authorities cited by the learned writer of the article and note referred to. Thus stands the question upon authority. It seems, therefore, a little strange to read the statement of the writer referred to, that "the general doctrine is plain and unquestioned that the defendant can not introduce in his defense threats of the deceased against him which were not of the *res gestœ,* and of which he had no knowledge at the time of the encounter." The authorities herein cited are equal in number, as they are in weight, to those holding a contrary view.

Upon principle, the rule announced in Wiggins *v.* The people seems the only true and correct one. The deceased is not "a mere third person," but a party, and the motives that impel him to action are as much the subject of inquiry as those of the defendant. With the view of discovering the motives that move defendant, the prosecution may go back beyond the region of the *res gestœ* and prove threats. It has been said that the "volume of human nature is the same throughout ten thousand editions," and it is a universal axiom that all men act from like motives. If the threat of the defendant will indicate his state of mind and action, it will also indicate the mind and action of the deceased. The question of the guilt of the defendant involves an examination of not only what he did, but also what the deceased did. If threats will aid the investigation of what the defendant did, in the language of the Supreme Court of Indiana, "we can not see any good reason why the threats of the deceased against the defendant are not also competent evidence."

L. McQ., in Central Law Journal.

Authorities cited: Pennsylvania *v.* Robertson, H. & T. on Self Defense,

152; Cotton *v.* State, *Ib.*, 310; Wesley *v.* State, *Ib.*, 319; Rippy *v.* State, *Ib.*, 348; Monroe *v.* State, *Ib.*, 442; Keener *v.* State, *Ib.*, 539; State *v.* Sloan, *Ib.*, 516; Tackett *v.* State, *Ib.*, 716; Campbell *v.* The People, *Ib.*, 282; Copeland *v.* State, *Ib.*, 41; State *v.* Goodrich, *Ib.*, 532; Holler *v.* State, *Ib.*, 565; Cornelius *v.* Com., 15 B. Monroe, 539; The People *v.* Scoggins, *Ib.*, 596; Stokes *v.* People, *Ib.*, 927; Pitman *v.* State, *Ib.*, 594; Contra Coker *v.* State, *Ib.*, 577; Atkins *v.* State, *Ib.*, 517; Chambers *v.* Porter, on note to Goodrich case, 532; Quessenbery *v.* State, *Ib.*, 549; Powell *v.* State, 19 Ala., 581; Harrison *v.* State, H. & T. on Self-defense, contra in principle, 71; Shippy *v.* State, *Ib.*, 137; Shorter *v.* State, *Ib.*, 256, *ante*, 329; Lamb *v.* State, *Ib.*, 934; Johnson *v.* State, 27 Texas, 766; Campbell *v.* People, 16 Ill., 17 and 18; Kesner *v.* State of Georgia, 16 Ga., 194; 1 Kelly, (Ga. R.) 220.