## JONES v. STATE.

## (*Knoxville.*   September Term, 1913.)

1. **HOMICIDE.   Issues.   Second degree murder.**

   In view of Shannon's Code, sec. 6441, requiring the jury to ascertain in their verdict whether the offense is murder in the first or second degree, it was error, on trial of· an indictment for murder, for the court not to instruct on second degree murder. (*Post, pp.* 494, 495.)

   Code cited and construed:   Secs. 6438, 6439, 6440, 6441 (S).

   Cases cited and approved:   Good v. State, 69 Tenn., 293, 294; State v. Hargrove, 81 Tenn., 178; State v. Parker, 81 Tenn., 221; Palmer v. State, 121 Tenn., 465, 488; Frazier v. State, 117 Tenn., 430; Powers v. State, 117 Tenn., 363.

2. **HOMICIDE.   Instructions.   Degrees of crime.**

   It is the better practice to charge upon all of the offenses embraced in the indictment, since failure to do so will be reversible if there is any doubt that accused was prejudiced by such omission.   (*Post, p.* 495.)

3. **HOMICIDE.   Appeal.   Harmless error.   Failure to instruct.**

   Failure to instruct on second degree murder so that the jury could ascertain in its verdict whether the offense was first or second degree murder, pursuant to Shannon's Code, sec. 6441, was reversible error, notwithstanding Pub. Acts 1911, ch. 32, providing that no judgment shall be set aside for error in the charge, etc., unless it affirmatively appears that it affected the result.   (*Post, p.* 496.) ·

   Acts cited and construed:   Acts 1911, ch. 32.

4. **CRIMINAL LAW.   Appeal.   Waiver of error.**

   The fact that counsel both for the State and for accused took the position that he was guilty of first degree murder or entitled to acquittal on the ground of self-defense would not operate as

Jones v. State.

a waiver of accused's right to have the question of second degree murder submitted. (*Post, p.* 496.)

FROM KNOX.

Appeal from Criminal Court, Knox County.—T. A. R. NELSON, Judge.

J. A. ATCHLEY, E. F. WALSH, and GORDON MYNATT, for appellant.

W. W. FAW, Assistant Attorney-General, and W. T. KENNERLY, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted and convicted in the criminal court of Knox county for the murder of Samuel C. Hickey on the morning of June 1, 1913. He was sentenced to death and has appealed to this court. Numerous errors are assigned by his counsel, but we need consider only one.

The assignment referred to is in substance that the trial judge charged the jury only on the subject of murder in the first degree, and self-defense, and matters relating thereto, and fail to instruct them on the crime of murder in the second degree. This was reversible error. The sections of our Code bearing on the subject are as follows:

"6438. If any person of sound memory and discretion, unlawfully kill any reasonable creature in being, and under the peace of the State, with malice, aforethought, either express or implied, such person shall be guilty of murder.

"6439. Every murder perpetrated by means of poison, lying in wait, or by an other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, any arson, rape robbery, burglary, or larceny, is murder in the first degree.

"6440. All other kinds of murder shall be deemed murder in the second degree.

"6441. The jury before whom the offender is tried, shall ascertain in their verdict whether it is murder in the first or second degree; and if the accused confess his guilt, the court shall proceed to determine the degree of crime by the verdict of a jury, upon the examination of testimony, and give sentence accordingly."

Manifestly it was impossible for the jury to perform the duty imposed upon them in the section last quoted, when the trial court failed to submit to them the question whether the prisoner's crime fell within the description of murder in the second degree. His failure to charge upon this subject was equvalent to a specific instruction that plaintiff in error was guilty of murder in the first degree, or entitled to an acquittal under his plea of self defense. He thus withdrew from the jury a question which the Code specifically required should be submitted to them. The difference

was vital, since the punishment for murder in the first degree is death, while that for murder in the second degree is imprisonment in the penitentiary from ten to twenty years.

It was said in *Good* v. *State,* 1 Lea (69 Tenn.), 293, 294:

"When it is clear that the grade of offense charged is proved, and there is no room for doubt as between it and a lesser grade embraced by statute in the higher, and of course included in the indictment, to charge the law pertaining to such lesser grades would simply tend to confuse and mislead the jury and often result in verdicts inadequate to the crime actually committed. In applying the rule of this opinion, courts will of necessity act which circumspect caution, giving to the accused the full benefit of all the rules of law applicable to the facts developed in the trial of his cause. ·

"When the offense charged is beyond controversy made out and is complete, it is the duty of the court to confine its charge to such case; and so, if the offense must be the one charged or no offense in law, as frequently happens, the charge should be so restricted that the jury may be enabled to decide intelligently the single question presented and not be mystified by abstractions."

This case was followed and approved in the following subsequent case: *State* v. *Hargrove,* 13 Lea (81 Tenn.), 178; *State* v. *Parker,* Id., 221; *Palmer* v. *State,* 121 Tenn., 465, 488, 118 S. W., 1022; *Frazier* v. *State,* 117 Tenn., 430, 439-441, 100 S. W., 94; *Powers* v. *State,*

117 Tenn., 363, 372, 97 S. W., 815. Of these, three were murder cases, but in none of the murder cases was there a failure to charge upon the crime of murder in the second degree as well as murder in the first degree. In *State* v. *Hargrove* and *Frazier* v. *State*, the error assigned was the failure to charge on the subject of manslaughter; in *Powers* v. *State*, the failure to charge the law applicable to involuntary manslaughter, assault and battery, and simple assault. Of the other cases, *Good* v. *State* involved a prosecution for robbery; *State* v. *Parker* for assault and battery; *Palmer* v. *State* a conviction for rape. The special question now before us, arising under Code, section 6441, could not therefore have arisen in these last-mentioned cases.

It follows therefore that, in every murder case wherein the crime of murder in the first degree is involved or embraced in the indictment, the trial judge must charge on both murder in the first degree and murder in the second degree. To lower grades of homicide and to all other kinds of crime, the rule laid down in *Good* v. *State* applies, but we deem it proper to repeat the caution offered in *Frazier* v. *State*, supra, as follows:

"The better practice to be pursued by trial judges undoubtedly is for them to charge upon all offenses embraced in the indictment, because whenever there is any doubt that the defendant has been prejudiced by such omission it will be error, for which it will be the duty

128 Tenn. 32

of this court to reverse the judgment and remand the case for a new trial.

"It is only in cases where it is absolutely certain that the omission was not prejudicial to the defendant, in the trial court, that a charge omitting instructions upon every offense contained in the indictment can be sustained."

The court added that it was only because of "such absolute certainty" that the assignment was overruled in that case.

Chapter 32, Acts of 1911, cannot reach the vital error committed in the case before us.

It is proper to state that the bill of exceptions in the present case sets forth the fact that, in their addresses to the jury, both counsel for the State and for the prisoner took the position and argued that the prisoner was either guilty of murder in the first degree or entitled to an acquittal on his plea of self-defense. This fact cannot alter the legal result we have announced. It could not be treated as a waiver of the prisoner's right to have the case submitted to the jury in the manner prescribed by statute.

For the error indicated, the judgment must be reversed, and the cause remanded to the criminal court of Knox county for a new trial.