H. G. DAVIS *et al.*, COMPLAINANTS, APPELLANTS, *v.* D. D. ROBERTSON, RECEIVER, *et al.*, DEFENDANTS, APPELLEES.

(*Nashville,* December Term, 1932.)

Opinion filed February 11, 1933.

W. S. FAULKNER and C. C. HAMILTON, for complainants.

W. R. CHAMBERS and L. H. WALKER, for Robertson.

ROBERTS & ROBERTS, for Mrs. Daisy Thomas.

LOUIS CHAMBERS, for W. O. Largen.

W. B. WILLIAMS, T. G. HINSON and ROBT. L. FORRESTER, for T. A. Young.

C. C. DAVIS, for W. E. Donnell.

WM. GREEN, for Midgette.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

A petition for the writ of error *coram nobis* was filed herein by certain depositors to reverse a decree of the chancellor approving the settlement of a suit brought by the superintendent of banks, in his capacity as receiver of the Bank of Watertown, against the makers of a bond taken by that official under section 5963 of the Code for the protection of depositors and unsecured creditors of that bank. The chancellor sustained the demurrer to the petition and the petitioners have appealed.

Petitioners allege that the bond mentioned and upon which suit was brought by the superintendent of banks was in the sum of $75,000; that the suit was thereafter dismissed by a consent decree upon payment into court

of $15,000. It is charged that the bond was solvent and that the decree was the result of collusion between the superintendent of banks and the makers of the bond and deception of the court as to the solvency of said bond. The petition incorporates the entire record by reference and it appears from the record that certain makers of the bond, also depositors in the bank, released their claims against the bank, so that the bank gained about $25,000 by the settlement.

The decree dismissing the suit brought on the bond purports to be a consent decree and it was recited therein that "the reason justifying the complainant in making said compromise is the fact that all the sureties on the said bond are insolvent, except those against whom said judgment is rendered and those whose liability is reserved, and that those against whom the judgment is rendered are held liable thereby to the extent of their ability to pay."

There were several grounds of the demurrer to the petition herein, one being that the writ of error *coram nobis* does not lie at the instance of those not parties to the original suit. But these depositors were parties in interest, although not parties in name, and we would be inclined to hold them entitled to the writ in a proper case. An infant, not served with process and therefore not a party to a suit in which his land was taken, was awarded the writ in *McLemore* v. *Durivage*, 92 Tenn., 482.

The superintendent of banks, acting as receiver of this bank, was of course a fiduciary. Neither upon general principles nor under section 5973 of the Code should the superintendent have been permitted to dismiss a suit like the one brought on this bond by consent. The chan-

cellor should have been fully advised of the facts and have approved the compromise. See *Allen* v. *McCullough,* 49 Tenn. (2 Heisk.), 174; *Milly* v. *Harrison,* 47 Tenn. (7 Cold.), 191.

This petition charged the superintendent with having misled the court as to the solvency of the makers of the bond and that the petitioners were ignorant of the compromise agreement and of the entry of the consent decree. As stated before, the decree on its face appears to have been entered by consent. If there was nothing else in the record, the petition would have required an answer. However, the order sustaining the demurrer to the petition, after so adjudicating recites as follows:

"At the hearing of the application to the Chancellor to approve and ratify the compromise decree assailed by the petition for the writ of *error coram nobis* in the cause, the Chancellor heard oral testimony in support of the application, given in open court by Robert L. Forrester, Louis Chambers, W. B. Williams, L. H. Walker, T. G. Hinson, solicitors for complainant and defendants in the suit upon the bond as well as the testimony of other witnesses, from which the court was convinced that the compromise was fair and reasonable and ought to be approved, for two reasons: 1st. Because a number of the sureties on the bond had become utterly insolvent (some having become bankrupts), and the others were in straitened financial circumstances, and; 2nd. Because the solvent sureties were all defending on the ground that one G. H. Marler, who was good and solvent, and signed the bond jointly with them, and afterwards erased his signature, and it was delivered without their knowledge or consent to such alteration, and had taken numer-

"Thus, both defendants have solemnly and with full

ous depositions in support of this defense, while there was only one deposition to the contrary.

. . . . . .

"The, facts hereinbefore recited having appeared to the Chancellor at the hearing of the application, to ratify the compromise, the court takes judicial notice thereof, the entire record in the cause in which the compromise decree was made, being expressly made a part of the petition for writ of *error coram nobis.*"

That portion of the decree above quoted is criticized as being "officious and of no efficacy" and out of place in an order disposing of a demurrer.

A demurrer, however, does not admit allegations of adverse pleading contrary to facts judicially known by the court. Chambliss'-Gibson's Suits in Chancery, sec. 304; 21 C. J., 445.

The court may take judicial knowledge of facts which it has learned on an earlier hearing of the same case and of what it has done at a previous hearing of that case. 23 C. J., 61; 15 R. C. L., 1111; Wigmore on Evidence, sec. 2579; Jones Commentaries on Evidence, sec. 431.

So in disposing of the demurrer to this petition, the chancellor was authorized to bear in mind that, prior to the entry of the compromise decree, he heard witnesses and they established the fact that the settlement proposed was proper, for the reasons stated by him, and that the compromise decree was in reality an adjudication.

The petition herein is based on the idea that the bond upon which suit was brought was a solvent bond. From the language of the chancellor's decree, it seemed that he determined to the contrary when the compromise decree was entered and the writ of *error coram nobis* is

not available to contradict a fact previously determined upon a hearing of an issue tried on its merits. *Memphis German Savings Institution* v. *Hargan,* 56 Tenn. (9 Heisk.), 496.

█ The superintendent of banks, acting as receiver under orders of the chancery court, is empowered to compromise and settle doubtful claims with the approval and sanction of the court both by section 5973 of the Code and under the general equity practice. High on Receivers, secs. 177, 336. Under the facts set out by the chancellor as having been established at the former hearing, the decree then entered was binding on the petitioners herein and no sufficient ground is set out in the petition for writ of *error coram nobis* to justify disturbing that decree.

Affirmed.