CURTIS *v.* STATE.

*(Nashville.* December Term, 1933.)

Opinion filed March 31, 1934.

JOHN LOWERY, ANDREW D. TANNER, and HERMAN L. KING, all of Nashville, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error, referred to as the defendant, was charged in the indictment with having carnal knowledge of a girl under the age of twelve years, contrary to the statute, Shannon's Code, section 6455. The indictment was found upon the accusation of the defendant's daughter, Bertha Curtis, eleven years old at the time of the alleged act in the summer of 1930. A conviction of the defendant in October, 1931, was reversed on appeal to this court in an opinion filed July 23, 1932. 167 Tenn., 427, 70 S. W. (2d), 363. The cause of reversal was error of the trial court in admitting the testimony of witnesses as to statements made to them by the girl a year after the alleged act. In that connection the court said:

"Practically the sole proof in corroboration of the grave charges made by this girl is found in a conversation which her sister testifies the girl had with her nearly a year after the alleged occurrence. We are unable to find any authority sustaining the admissibility of such statements after so long a time. Our cases of *Phillips* v. *State,* 9 Humph. (28 Tenn.), 246, 49 Am. Dec., 709; *Benstine* v. *State,* 2 Lea (70 Tenn.), 169, 31 Am. Rep., 593, and *Hill* v. *State,* 5 Lea (73 Tenn.), 725, appear to recognize the admissibility of such statements, unless made immediately, only when the delay is accounted for by threats, or other circumstances excusing the delay, none of which appear in this case. The authorities generally hold that, if the complaint is delayed and no satisfactory reason for the delay is shown, the complaint is not admissible. 52 C. J., 1065."

A second trial resulted in a verdict of guilty with life imprisonment. This appeal is from the judgment upon that verdict.

Witnesses who testified and the facts shown by their testimony are substantially the same in this as upon the former trial, except for the absence of Susie Curtis, who, because of illness, was unable to testify. The State insists that additional statements of Mrs. Curtis and Mrs. Ada Mosley explain the delayed accusation and make their repetition of Bertha's belated statements to them admissible.

In the other record it appears that defendant was sent to the Central Hospital for observation and Dr. Farmer classed him as a psychopathic inferior, with knowledge of right and wrong but unable to avoid doing wrong. The pathologic aspect of his children is not disclosed by the record. The defendant was a farm laborer doing very satisfactory work for his employer, in which he comfortably supported his family consisting of his wife and several children. His neighbors and his employer testified to his good character. Before this accusation by his daughter, it does not appear that defendant was ever accused of any crime. The record indicates that he was a religious zealot.

The State insists that this is a prosecution by the older daughters to save their sister Bertha from abuses that they were subjected to by their father. The daughter Ada Mosley was twenty-four years old at the time of the last trial. She married Aldman when fifteen, divorced him, and in 1930 was living with her second husband near the farm where her father worked. It appears from the record that before her marriage there was friction between this daughter and her father.

Susie Curtis was unmarried and living with her father in 1930. It appears that at the time of the last trial she was about seventeen years old. After her father's arrest, she married.

Edna Curtis, the oldest daughter, was married and lived with her husband in Chicago. It does not appear that she took any part in the accusation.

Mrs. Curtis testified that she observed nothing that could lead her to suspect her husband of the crime, but it was disclosed by her testimony that her husband carried Bertha to the field with him. Mrs. Curtis washed her daughter's underwear in the year 1930 and testified that she observed no stains. She said also that she heard no suggestion from any one of her daughters at any time accusing their father of misconduct with them until Susie, who never liked her father and so expressed herself, made the accusation about Bertha in July, 1931.

The defendant attributes the prosecution to the hostility of his daughters Susie and Ada and insists that they persuaded Bertha to fabricate the charge. There was an issue of credibility between Bertha and the defendant, and beyond Bertha's statement no substantive evidence to establish the crime.

The verdict of guilty at the last trial as well as the first rested upon Bertha's accusation, the testimony of Dr. Parrish that an examination in 1930 revealed a ruptured hymen which he said might be attributed to causes other than sexual intercourse, and Bertha's statements a year after the alleged act to her two sisters and mother and repeated by them on the witness stand as confirmatory of the truth of Bertha's charge.

■■ In rape recent statements by the injured party of the facts and circumstances of the complaint are admissible as confirmatory of her credibility, and so the court held the statements notwithstanding the long lapse of time admissible upon the theory that the accusation was withheld by Bertha through fear.

The question presented by this appeal is whether or not the explanation of the year's delay under the circumstances shown by the record renders the belated statements admissible.

It will be necessary in considering this proposition to quote some of the testimony. We first quote from Mrs. Ada Mosley:

"Q. Did you ever have a conversation with your sister Susie?

"A. Yes.

"Q. Later did you talk to Bertha and ask her about any of this?

"A. Yes.

"Q. Did you ask her about the relation with her father?

"A. I asked her if daddy had been having relations with her.

"Q. Did she tell you?

"A. At first she told me no.

"Q. Did you further discuss it with her?

"A. I told her to tell the truth and I asked her if she really did and then she told me that she would tell me if I would not tell her mother.

"Q. Did she tell you?

"A. She told me she had.

"Q. Did she tell you where it took place?

"A. I asked her and she told me on the tomato hill."

We quote from Mrs. Curtis:

"Q. Did you know of any improper conduct between your husband and Bertha?

"A. No, sir.

"Q. Were you told about it by any one of your children?

"A. Yes.

"Q. Who told you?

"A. Susie.

"Q. Did Ada afterwards tell you?

"A. Yes.

"Q. Did Bertha afterwards tell you about it?

"A. Yes.

"Q. She did not talk to you about it much?

"A. No, sir.

"Q. Did you ask Bertha?

"A. Yes.

"Q. Would she tell you?

"A. What I asked her.

"Q. What did she tell you when you asked her if she did it?

"A. She said she did.

"Q. Did she tell you how many times?

"A. Three times."

These and other like statements were admitted over objection of the defendant.

In cases presenting grave elements of doubt, such statements are calculated to turn the scale against the innocent defendant and in declaring and applying rules of evidence it is necessary to consider the great force and effect of precedent which is ever reaching out for broader application.

The evidence in this case discloses no fact or circumstance to justify the admission of the testimony of Mrs. Curtis and Ada Mosley repeating statements made to them by Bertha at their solicitation, on the ground that the girl delayed the accusation because of fear. The same conditions that inspired the fear assumed existed when at the solicitation of Susie, Ada, and Mrs. Curtis, Bertha made the accusation a year after the date fixed for its occurrence.

As disclosed by the other record, Bertha testified that after committing the act her father said not to tell anybody. On this trial she repeated that statement, saying that she did not tell because she was afraid of her father. Bertha, Mrs. Mosley, and Mrs. Curtis testified that the children were afraid of their father because he whipped them. Bertha says because they did wrong sometimes and she guessed because they did not mind him. Mrs. Curtis makes substantially the same statement. Mrs. Mosley intimates that her father was brutal and unreasonable in his treatment of the children.

This is the only evidence upon which the state relies to explain the delay. As heretofore stated, the restraint of parental fear existed with as much force when Ada induced Bertha to accuse her father as at any time within the year before. There is no evidence that the father directed any threat against Bertha, either at the time of the alleged act or any time subsequent to it. As stated, the accusation rests altogether on the testimony of Bertha and a repetition of her accusation made a year after the alleged act and made, it clearly appears, upon the solicitation of Susie and Ada.

The statements admitted as confirmatory of Bertha's accusation made at the solicitation of Ada and Susie a year after the alleged act are not. admissible under the rules stated and applied in the former opinion in this case. See cases there cited and *People* v. *Corey,* 8 Cal. App., 720, 97 Pac., 907; *People* v. *O'Sullivan,* 104 N. Y., 481, 10 N. E., 880, 58 Am. Rep., 530; *State* v. *Griffin,* 43 Wash., 591, 86 Pac., 951, 11 Ann. Cas., 95.

Our cases hold such evidence independently relevant and admissible to corroborate the prosecutor and as tending to show the truth of her charge. In 4 Chamber-

layne Mod. L. Ev., sec. 3039, it is called a dangerous rule because a repetition of the facts of the charge, and connecting the person accused with the crime, heavily weighs upon the mind of the jury and lends great weight to the facts asserted by the accuser and repeated by others. Since the Tennessee courts, applying the rule, admit confirmatory statements of fact made by the accusing witness to third parties, as independently relevant evidence, they should adhere to the conditions under which such evidence is rendered admissible, that is to say only when the statements have been made within such time after the occurrence that they may reasonably be held to negative in some degree the alternative theory of fabrication.

For the reasons stated herein and in the former opinion, the confirmatory statements testified to by Mrs. Curtis and Mrs. Mosley were erroneously admitted to the prejudice of the defendant.

Reversed and remanded.