## HAGOOD *v.* STATE.

*(Knoxville,* September Term, 1945.)

Opinion filed December 1, 1945.

JOHN R. TODD, JR., of Kingsport, for plaintiff in error.

50

NAT TIPTON, Asst. Atty. Gen., for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant here appeals from a conviction of assault and battery with punishment fixed at a fine of $50 and six months jail sentence. The defendant was arrested upon a magistrate's warrant charging him with the offense indicated and was bound over by the magistrate to the circuit court, the grand jury being in session at the time.

It was said in the motion for a new trial that a motion was made in the criminal court to remand the case to the magistrate for trial. The record, however, does not show any such motion nor plea in abatement. No bill of exceptions was preserved. The only suggestion of record that a motion to remand was made appears in the motion for a new trial, which motion is not evidence but merely a pleading. *Sherman* v. *State,* 125 Tenn. 19, 140 S. W. 209.

The argument for reversal is that the circuit court erred in taking jurisdiction of this case by reason of Chapter 40 of the Public Acts of 1943, amending Section 11575 of the Code. If the question were available to defendant in this Court, it would have to be resolved against his contention. Section 11575 of the Code is as follows:

"Whenever any person is brought before a justice of the peace of this state upon a warrant for any criminal offense or misdemeanor, if the grand jury of the county where the offense is charged to have been ·committed is in session, the said justice of the peace shall not try the case, unless the defendant pleads guilty, but shall, if the offense charged is bailable, take bond of the defendant in

such sum as now prescribed by law for the offense charged for his appearance before the court in charge of or impaneling said grand jury, from day to day, pending an investigation of said offense by said grand jury. If the case is not bailable, or if the defendant fails to give the bond required, he shall be committed to jail, pending the investigation, the warrant and the bond, if any be given, to be at once transmitted to said court.''

Chapter 40 of the Public Acts of 1943 provides:

''That Section 11575 of the Code be amended by adding the following words: 'provided that this Section shall not apply to small offenses where the maximum punishment prescribed does not exceed a fine of Fifty ($50.00) Dollars and imposes no imprisonment and committing magistrates are hereby given jurisdiction to try all such small offenses when the defendant pleads not guilty, provided that appeals in all such cases shall go directly to the Circuit Court as in civil cases, upon giving bond for his appearance or security for the fine and costs.' ''

It will be observed that the Act of 1943 is applicable only to offenses ''where the maximum punishment prescribed does not exceed a fine of Fifty ($50.00) Dollars and imposes no imprisonment.'' Assault is a common law offense, punishment for which is not specifically provided by our statutes. Section 10756 of the Code provides:

''Every person who is convicted of a misdemeanor, the punishment for which is not otherwise prescribed by a statute of this state, shall be punished by imprisonment in the county jail or workhouse not more than one year, or by fine not exceeding one thousand dollars, or by both, in the discretion of the court.''

Assault being punishable by imprisonment and the grand jury being in session, the magistrate properly,

under Section 11575, bound defendant for his appearance in the circuit court instead of trying him.

 It is also urged that the punishment here inflicted was excessive. There being no bill of exceptions, no evidence before us, we cannot tell how aggravated the assault was and are without any justification for interfering with the punishment fixed by the trial judge.

Affirmed.