NORTON *v.* STATE.

(*Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

LEON E. EASTERLY, of Greeneville, for plaintiff in error.

J. MALCOLM SHULL, Asst. Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Following an indictment for assault and battery with intent to commit rape, defendant was convicted of simple

assault. The trial court fixed his punishment at a fine of $50 and a jail sentence of eleven months and twenty-nine days.

The victim of the alleged assault was Mrs. Helen Manis, who testified that on July 6, 1948, she was lying on a mat on the floor with her little girl, near the door, at about noon; that defendant, whom she did not know but who lived a mile or more away, came to the door and asked for her husband; that she told defendant her husband was at work and he could come back when he was at home if he wanted to talk with him. According to Mrs. Manis' testimony, defendant told her he was coming in and did so over her protest. There was some discussion relative to her little girl's curly hair, and defendant showed Mrs. Manis a picture of his little girl, whom he said had curly hair. Defendant admitted, and Mrs. Manis testified, that she requested him to leave because he was drinking.

Mrs. Manis further testified that defendant grabbed her by the arm with one hand and grabbed his privates with the other hand and said, ''Here, don't you want some of this before I leave''; that she finally got him out of the door, and then procured a key and went out and locked the door; that she called defendant's attention to the fact that he had dropped his hat in the yard and asked him to get it; that she then took her little girl and walked to the store; that defendant followed her a part of the distance and stated that he would go into the woods but he would come back; that she had the girl in the store call an officer. Evidently this girl in the store told the officer over the phone that defendant was drunk. About 1:30 o'clock the officer arrived and arrested defendant in a house near by in the neighborhood. Mrs. Manis

waited at the store until her husband returned from work about 6 o'clock and immediately told him what had taken place. His testimony as to what she told him corresponds with her testimony at the trial.

Defendant testified and denied that he made any indecent proposal to Mrs. Manis, and stated that while talking with her a safety pin with which he had his trousers pinned became unfastened and was sticking him in the crotch, as a result of which he turned his back to her and adjusted the pin.

While defendant denied on direct examination that he made any proposals or indecent gestures to Mrs. Manis while in the house, he directly contradicted himself on cross-examination by testifying as follows:

"Q. You grabbed down at your privates when she told you to get out of the house? A. No, sir, she didn't tell me right then.

"Q. Immediately after you grabbed down at your privates she told you to leave? A. Yes, sir.

"Q. And she went down to the store as soon as you left? A. I don't know; I went on out through the woods."

The testimony of Mrs. Manis is denied by defendant, but his testimony must be materially discounted on account of contradictions. The jury had an opportunity to see and hear the witnesses testify, and by its verdict determined their credibility. *Christian* v. *State,* 184 Tenn. 163, 197 S. W. 2d 797. We find no preponderance of evidence in favor of the innocence of defendant.

In *Cowley* v. *State,* 78 Tenn. 282, 284-285, "assault" was defined by this Court as follows: "An assault, it is true, is an attempt, or the unequivocal appearance of an attempt, to do a corporal injury to another, the intent

to do harm being essential. . . . . But an assault upon a house will be regarded as an assault on the person when the purpose of the assault be injury to the person of the occupant or members of the family. . . . And the intent to do corporal hurt is to be ascertained by the jury from the circumstances, and may be inferred from the unlawful act. . . . And it is not necessary in a simple assault that there should be the specific purpose to do a particular injury, but general malevolence or recklessness will be sufficient.''

As before stated, the jury convicted defendant of assault and the trial court sentenced him to jail for eleven months and twenty-nine days.

In *Hagwood* v. *State,* 183 Tenn. 49, 51, 190 S. W. 2d 1023, this Court said:

''. . . Assault is a common law offense, punishment for which is not specifically provided by our statutes. Section 10756 of the Code provides:

'' 'Every person who is convicted of a misdemeanor, the punishment for which is not otherwise prescribed by a statute of this state, shall be punished by imprisonment in the county jail or workhouse not more than one year, or by fine not exceeding one thousand dollars, or by both, in the discretion of the court.' ''

In 15 Am. Jur., Criminal Law, Section 526, it is said: ''As a general rule, in cases where the objection is to the particular sentence, and not to the statute under which it has been imposed, a sentence which is within the limit fixed by statute is not cruel and unusual and is therefore valid, no matter how harsh and severe it may appear to be in a particular case, because the constitutional prohibition has reference to the statute fixing the punishment, and not to the punishment assessed by the

jury or court within the limits fixed by statute. If the statute is not in violation of the Constitution, then any punishment assessed by a court or jury within the limits fixed thereby cannot be adjudged excessive, for the reason that the power to declare what punishment may be assessed against those convicted of crime is not a judicial power, but a legislative power, controlled only by the provisions of the Constitution.''

 If the State's version of the affair is true, we cannot say that the punishment is excessive.

All assignments of error are overruled and the judgment is affirmed.

All concur.