HERBERT STRADER

*v.*

STATE OF TENNESSEE.

362 S.W.2d 224

(*Knoxville,* September Term, 1962)

Opinion filed November 9, 1962.

W. E. BADGETT, Knoxville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for the State.

MR. JUSTICE FELTS delivered the opinion of the Court.

Plaintiff in error, referred to as defendant, was charged in an indictment, under T.C.A. sec. 39-606, with an assault and battery upon a female under 12 years of age, Diana Stroud, with intent to unlawfully carnally know her, and was convicted of that felony and his punishment fixed at 10 years in the penitentiary.

He appealed in error and has assigned a number of errors, among others, that the Trial Judge failed to charge the jury the law as to the lesser offenses included in the felony charged, and thus denied him a fair trial upon the law and the evidence; and that the evidence preponderates against the verdict of guilt and in favor of his innocence.

■ This is the second appeal in this case. On the first appeal the conviction was reversed by this Court in an opinion reported in *Strader v. State,* 208 Tenn. 192, 344 S.W.2d 546, to which we refer for its statement of facts, of which the Court may take judicial notice. T.C.A. sec. 27-330; *Davis v. Robertson,* 165 Tenn. 609, 614, 56 S.W.2d 752, 753; *Carmack v. Fidelity-Bankers Trust Co.,* 180 Tenn. 571, 575, 177 S.W.2d 351, 352; *Curtis v. State,* 167 Tenn. 430, 436, 70 S.W.2d 364.

As set out in our former opinion, the only evidence of the crime was the testimony of the girl and that of her mother and grandmother as to what she told them. There were no marks of violence on her body or on her clothes; and the doctor's examination of her showed "no evidence of physical contact—she hadn't been harmed." She said the crime took place in the Strader home (two doors from her home) during the 2 or 3 minutes she was there. As stated in that opinion (208 Tenn. 194-195, 344 S.W.2d 547):

"She said that while she was in the Strader home, standing in the hallway, defendant motioned her into the adjoining bedroom, lifted up her skirt, pulled down her pants, felt of her privates with his hand, and exposed himself. *She did not, however, say he*

*tried to penetrate her or ever touched her with his penis."*

The evidence was substantially the same on the second trial, but with this significant discrepancy: After we had pointed out above that on the first trial there was no evidence that he touched her with his penis—no proof of any attempt to have carnal knowledge of her, she and the mother changed their story on the second trial. The mother said: "She [the girl] said that he touched her with it" (penis); and the girl said[1]: "I think he rubbed it against mine."

Evidence for defendant was that at the time of the alleged offense there were in the Strader home two other persons besides defendant. They were his invalid father, who was sitting in a wheelchair in the living room, and who was unable to testify at the trial, and his cousin's wife, Mrs. Gladys Strader, who was there helping defendant take care of his father and doing the housework.

Defendant testified he was shaving his father when the little girl brought in some bottles of Coca Cola, as he had requested; then he took them to the kitchen, gave her some Hershey candy bars that were lying there,

---

[1] We quote from her direct examination:
"Q. Then what happened?
"A. Then he pulled out his thing.
"Q. He pulled out his thing?
"A. Yes.
"Q. Was he standing at that time?
"A. Yes.
"Q. Tell us, what motion did he go through, you mentioned thing. I know it is difficult for you.
"A. I don't remember.
"THE COURT: She said he pulled out his thing.
"Q. Out of his pants?
"A. Yes.
"Q. Then what happened?
"A. I think he rubbed it against mine."

and she left; and that he never touched her or said or did anything improper to her.

He was corroborated by the witness Gladys Strader, who testified that she was in the hall leading to the bedrooms, and that defendant did not go into either of them while the girls was there; and Mrs. Strader said she heard the girl enter and heard her as she left, saying "Oh, thank you for the candy."

Thus, the evidence for the State and that for the defense was in such conflict as to put in issue each of the elements of the felony charged, and those of the lesser offenses included therein, so that it was the sole province of the jury, under proper instructions as to the law, to determine the credibility of the witnesses and to say how much and what parts of the evidence was to be believed; and to determine whether defendant was guilty of any one or none of such offenses.

It is true at common law where one act amounted to both a misdemeanor and a felony, the misdemeanor was merged in the felony, and only the latter was punishable. *Grindstaff v. State,* 172 Tenn. 77, 110 S.W.2d 309. But that common law rule has been changed by our statute (T.C.A. sec. 40-2520), providing that defendant may be found guilty of "any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor."

So now when one is put on trial on a single charge of felony, he is also on trial for all its lesser included offenses, as the facts may be. For example, a charge of murder in the first degree also includes the lower grades of homicide, assault with intent to commit

murder, assault and battery, and a simple assault. *Jones v. State*, 128 Tenn. 493, 161 S.W. 1016; *Templeton v. State*, 146 Tenn. 272, 278-281, 240 S.W. 789.

■ Likewise, a charge of rape also embraces the lesser included offenses of assault and battery with intent to commit rape (T.C.A. sec. 39-605), an assault with intent to commit a felony (T.C.A. sec. 39-603), and an assault and battery, which is a misdemeanor. So, one put to trial on a charge of rape may be convicted of that crime or one of its lesser included offenses, as the case may be.

In *Rushing v. State*, 196 Tenn. 515, 268 S.W.2d 563, defendant was indicted for rape. The Trial Judge charged the jury that while the indictment described the single offense of rape, it embraced, as a matter of law, the lesser included offenses of assault and battery with intent to commit rape, and an assault and battery. Defendant was found guilty of assault and battery with intent to commit rape, and this Court affirmed his conviction. It also found there was no evidence calling for a charge on attempt to commit a felony.

In *Jones v. State*, 200 Tenn. 429, 292 S.W.2d 713, defendant was charged with rape. Although he had completed the act (as he claimed, by her consent, and as she claimed, by force), he was found guilty of an attempt to commit a felony (T.C.A. sec. 39-603), and given a workhouse sentence. On appeal he urged that ''the verdict is void because under all the evidence the case shows that the man was either guilty of rape or nothing.'' The Court rejected this argument and affirmed his conviction of an attempt to commit a felony.

There, the Court, in an opinion by Mr. Justice Burnett, pointed out that the Trial Judge had charged the jury the law as to the lesser offenses embraced in the charge of rape, including that of an attempt to commit a felony; and the Court said:

"Clearly under the authorities above cited from our State the trial judge is correct in giving this charge. If there are facts to substantiate any of these lesser degrees and the jury so finds and this is approved by the trial judge then it is not error for the jury to find a lesser offense even though the final act was committed." 200 Tenn. 434, 292 S.W.2d 716.

In the case before us, as stated, the felony charged is an assault and battery upon a female under the age of 12 years with intent to unlawfully carnally know her. Though not rape this is somewhat like rape, and is punishable as in case of rape (T.C.A. secs. 39-606, 39-3702). Its elements are (1) an assault upon such female and (2) a battery upon her (3) with intent to unlawfully carnally know her, *this intent being the gravamen of the crime. Hale v. State,* 198 Tenn. 461, 281 S.W.2d 51.

Otherwise stated, this felony includes the lesser offenses of an assault, and of a battery, upon such female. And since this indictment, there has been added another lesser included offense, viz.: an assault and battery upon such female "with intent to unlawfully sexually molest or fondle her" (T.C.A.Supp. sec. 39-606, Acts 1961, Ch. 90).

So, under the law as it stood at the time of this indictment, an assault, or an assault and battery, upon

such female without intent to carnally know her, was not a felony, but only a misdemeanor, punishable by jail sentence or fine under T.C.A. sec. 39-105. *Hagood v. State,* 183 Tenn. 49, 190 S.W.2d 1023; *Whitlock v. State,* 187 Tenn. 522, 216 S.W.2d 22.

That is to say, under this indictment, defendant was on trial (1) for the felony charged, which is punishable by death, or imprisonment for life, or for no less than 10 years (T.C.A. secs. 39-606, 39-3702); and (2) for the misdemeanor of the assault and battery, or a simple assault, punishable by jail sentence or fine (T.C.A. sec. 39-105).

The Trial Judge charged the jury the law only as to this greater offense, and gave them no instruction to enable them to apply the law in determining whether defendant was guilty of the greater, or a lesser included offense. This was in effect to tell the jury that if defendant was guilty at all, in the opinion of the Judge, he was guilty of the felony. *Little v. State,* 65 Tenn. 491, 494.

It is true defendant made no request of the Judge to charge the jury the law as to the lesser offenses included in the felony charged, but such request was not necessary. Our statute made it the duty of the Judge to give such charge without any request. This statute (T.C.A. sec. 40-2518) is in these words:

"Charge as to included offenses.—It shall be the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so."

██ Thus, the command of this statute is without qualification or exception. It includes all cases of felonies with lesser included offenses, and requires the judge to charge the jury as to all the law of each of such offenses in all such cases. But we have held that such charge need not be given where there is *"no evidence"* of such offense, and the charge would be a mere abstraction "upon hypothetical questions not suggested by proof." *Good v. State,* 69 Tenn 293, 294-296; *Baker v. State,* 203 Tenn. 574, 577, 315 S.W.2d 5.

██ But where the evidence, upon any view the jury may take of it, permits an inference of guilt as to such lesser included offenses, it is the mandatory duty of the Trial Judge to charge all the law as to each of such offenses, and a failure to do so requires a reversal and a new trial. Our cases have expressed this rule in variant language. We quote a few of them.

"It is also the duty of the Court to define in his charge all the offenses embraced in an indictment for this crime. The jury is the exclusive judge of the facts, the Court is a witness to it of the law. When the jury has heard the facts, it is for it to say what offense, if any, has been committed against the law. However plain it may be to the mind of the Court that one certain offense has been committed and none other, he must not confine himself in his charge to that offense. When he does so he invades the province of the jury, whose peculiar duty it is to ascertain the grade of offense. However clear it may be, the Court should never decide the facts, but must leave them unembarrassed to the jury." *Poole v. State,* 61 Tenn. 288, 294.

"It is the duty of the circuit judge to charge the law applicable to the evidence, and give the defendant the benefit (1 Lea, 293) of it, * * * *and not to decide for himself the case he supposes to be made out, and apply the law to such supposititious case and leave to the jury only that for decision, and to us to speculate on its effect and the possible injury, or want of injury, done defendant.*

"In this case, it can be clearly seen that the omission to charge the law is as vital an error as it would have been to have charged it incorrectly, and we hold that defendant was entitled to have it given without demand" (italics ours). *Potter v. State,* 85 Tenn. 88, 98, 1 S.W. 614.

In *Frazier v. State,* 117 Tenn. 430, 441, 100 S.W. 94, it is said that the Trial Judge's omission to charge the jury the law as to such lesser included offenses is reversible error, unless there is no evidence as to such offenses and unless it is absolutely certain that defendant could not be prejudiced by such omission. The rule there stated by Judge Shields for the Court, has been often quoted with approval. He said:

"The better practice to be pursued by trial judges undoubtedly is for them to charge upon all offenses embraced in the indictment, because, whenever there is any doubt that the defendant has been prejudiced by such omission, it will be error, for which it will be the *duty of this court to reverse the judgment and remand the case for a new trial.*

"It is only in cases where it is absolutely certain that the omission was not prejudicial to the defendant, in the trial court, that a charge omitting instructions

upon every offense contained in the indictment can be sustained'' (117 Tenn. 441, 100 S.W. 97).

In *Jones v. State,* supra, 128 Tenn. 493, 161 S.W. 1016, this Court, reversing a conviction of murder in the first degree for failure of the Trial Judge to charge lesser included offenses, said such failure ''was equivalent to a specific instruction that plaintiff in error was guilty of murder in the first degree, or entitled to an acquittal under his plea of self-defense.'' And it was held that this error could not be saved by our harmless error statute. The Court further said:

> ''It is proper to state that the bill of exceptions in the present case sets forth the fact that, in their addresses to the jury, both counsel for the state and for the prisoner took the position and argued that the prisoner was either guilty of murder in the first degree or entitled to an acquittal on his plea of self-defense. This fact cannot alter the legal result we have announced. It could not be treated as a waiver of the prisoner's right to have the case submitted to the jury in the manner prescribed by statute.'' 128 Tenn. 498, 161 S.W. 1017.

Likewise, in *Templeton v. State,* supra, 146 Tenn. 272, 278-281, 240 S.W. 789, the Court reversed a conviction of murder in the second degree because of the Trial Judge's failure to charge the law as to the lesser included offenses of manslaughter. The Court said that it was the judge's ''duty to explain the law to the jury in order that they might apply the law in determining whether he [defendant] was guilty of any one or none of such offenses.''

In that case it was contended by the State that the defendant could not have been prejudiced by the omission to charge as to lesser included offenses, because his defense was that he was not guilty at all, while the State insisted he was guilty of murder. Rejecting this insistence, the Court said:

"Under our system the jury is the judge not only of the facts but of the law as well, the court being only a witness as to the law, and it is his duty to tell the jury what the law is, applicable to any phase whatever of offenses charged against a defendant. *He cannot be excused from doing so upon the ground merely that the defendant insists he is not guilty of anything and the state that he is guilty of a higher offense. If the facts are at all susceptible of the inference of guilt of the lesser grades of the offense, the jury must be given the law with respect thereto.*" (Italics ours.) 146 Tenn. 280, 240 S.W. 791.

Under the above authorities, we think defendant was clearly entitled to a charge on the lesser included offenses. He was on trial for his life on a charge of felony, with lesser included offenses of assault and battery and of simple assault, which were only misdemeanors punishable by jail sentence or fine.

■ He had the right to have all the law as to these different grades of offenses explained to the jury, in order that they might apply the law in determining whether he was guilty of any one or none of such offenses. He had this right because the statute (T.C.A. sec. 40-2518) gave it to him, and because it was a part of his constitutional right of trial by jury to have every issue made by the evidence tried and determined by the jury under

a correct and complete charge of the law given by the Judge.

As shown by the above authorities, he was not deprived of this right by reason of the fact that he denied that he was guilty of any offense and the State insisted that he was guilty of the felony charged. Under a proper charge of the law, the jury might well have rejected so much of the evidence of the girl and her mother as tended to prove an intent on the part of defendant to have carnal knowledge of her, and might have found him guilty of an assault and battery, a lesser included misdemeanor.

It appears the jury had some trouble on this point. After they had been out considering their verdict for some time, they came back into court and asked the Judge to have the court reporter read to them his notes on the girl's testimony of what the juror referred to as "the bedroom scene," which included the excerpt above quoted (p. 226), bearing on the vital issue of intent to have carnal knowledge.

As we have seen, they found defendant guilty of the felony and fixed his punishment at the minimum. It may well be that they believed defendant guilty only of an assault and battery but understood from the charge that, if guilty at all, he must be found guilty of the felony charged.

It is urged for the State that the verdict of the jury, approved by the Trial Judge, settled all the issues as to the credibility of witnesses and of defendant's guilt as charged. Such is the rule here, but it presupposes that such issues have been fairly determined by the jury upon the evidence and a proper charge by the judge.

Where these essentials of a fair trial have not been observed, of course, the verdict cannot be treated as valid. As said in *Potter v. State,* supra:

"[A] verdict cannot negative the existence of a defense the jury was not properly instructed to consider, and we are not satisfied to hold that the facts sustain a verdict which is not the result of the deliberate judgment of the jury, after a full, fair, and proper exposition of the law, in a case involving the life of the citizen, or his hopeless consignment to servitude and infamy." 85 Tenn. 98, 1 S.W. 617.

For these reasons, we think the failure of the learned Trial Judge to charge the law of the lesser included offenses, as required by the statute, deprived defendant of a fair trial and constituted reversible error.

Since the case must be remanded for a new trial, we do not pass on, or discuss, the issue whether the evidence preponderates against the verdict of guilt and in favor of the innocence of defendant. A number of other matters were assigned for error, but since they may not recur in another trial, we do not pass upon them.

The judgment of the Criminal Court is reversed and the case is remanded for a new trial.

WHITE, JUSTICE (concurring).

I concur in the conclusion expressed as to the applicable law of this case and agree that this case should be reversed and remanded.

Moreover, I am not satisfied with the testimony upon which this defendant was convicted in this second trial, since there is marked discrepancy between the testimony

of the prosecutrix and her mother on the first and second trials, bearing on the issue of the guilty intent of the felony charged. This defendant has already been confined for approximately two years and has suffered two trials which, in my opinion, is sufficient punishment upon the showing made by the evidence in this case.

 Therefore, in addition to the rulings in the majority opinion, I would reverse this case on the facts and would recommend that a nolle prosequi be entered.

PREWITT, CHIEF JUSTICE, and BURNETT, FELTS, and DYER, JUSTICES, concur.