IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL SESSION, 1998

FILED

August 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| LARRY JUNIOR KEATON, | ) | C.C.A. NO. 01C01-9704-CR-00146 |
| | ) | |
| Appellant, | ) | |
| | ) | DEKALB COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. LEON BURNS, JR., JUDGE |
| STATE OF TENNESSEE | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

**CONCURRING OPINION**

Except for the conclusion that the failure to instruct a lesser included offense is not a constitutional abridgement, I concur entirely with the majority opinion. The trial judge has a duty to give the complete charge of the law applicable to the facts of each case. State v. Harbison, 704 S.W.2d 314, 319 (Tenn.), cert. denied, 476 U.S. 1153 (1986). It is settled law that when "there are any facts that are susceptible of inferring guilt of any lesser included offense or offenses, then there is a mandatory duty upon the trial judge to charge on such offense or offenses. Failure to do so denies the defendant his constitutional right of trial by jury." State v. Wright, 618 S.W.2d 310, 315 (Tenn. Crim. App. 1981) (citations omitted); Tenn. Code Ann. § 40-18-110(a). When there is a trial on a single charge of a felony, there is also a trial on all lesser included offenses, "as the facts may be." Strader v. State, 362 S.W.2d 224, 227 (Tenn. 1962). See State v. Belser, 945 S.W.2d 776, 789 (Tenn. Crim. App. 1996).

I concur in the results reached by the majority because the issue, as indicated, has been waived due to the petitioner's failure to present the issue in the motion for new trial or on direct appeal.  Tenn. Code Ann. § 40-30-206(g), -210(f).

_____
Gary R. Wade, Presiding Judge