This opinion has been withdrawn per order of the
Tenth Court of Appeals.






size:12.0pt;
 font-family:"Times New Roman","serif";}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-link:"Footnote Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {margin:0in;
 margin-bottom:.0001pt;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {margin:0in;
 margin-bottom:.0001pt;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";}
span.MsoFootnoteReference
 {vertical-align:super;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-link:"Footnote Text";}
 /* Page Definitions */
 @page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;}
div.Section1
 {page:Section1;}
@page Section2
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;}
div.Section2
 {page:Section2;}
-->










 

IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00294-CV

 

James C. Fuller,

                                                                                    Appellant

 v.

 

Benito Moya, et al.,

                                                                                    Appellees

 

 

 



From the County Court
at Law

Walker County, Texas

Trial Court No. 9678CV

 



MEMORANDUM  Opinion



 








            Appellant
James C. Fuller filed suit against the Texas Department of Criminal Justice and
TDCJ employees Benito Moya, Tommy Goodin, Freddie English, Floyd Hicks, an
unnamed property officer for the Wynne Unit, and “Major Butcher.”  The trial
court granted English’s and Hick’s motion to dismiss and dismissed Fuller’s 
“cause of action” as frivolous “with prejudice as to all claims.”  However, not
all the named defendants had been served when the dismissal order was signed,
two of the defendants appeared and filed answers after the dismissal order was
signed, and only English and Hicks sought a dismissal.  By order dated November
10, 2009, this Court requested briefing from the parties regarding whether the
dismissal order is appealable.

            The
parties have filed briefs with Fuller contending that the order is appealable
while the appellees contend that it is not.  We agree with the appellees and
will dismiss the appeal.

            Generally,
“an appeal may be taken only from a final judgment.  A judgment is final for
purposes of appeal if it disposes of all pending parties and claims in the
record, except as necessary to carry out the decree.”  Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001) (footnotes omitted).  However,

a judgment may be final, even though it
does not dispose of all parties named in the petition, if the remaining party
was never served with citation and did not file an answer, and nothing in the
record indicates that the plaintiff ever expected to obtain service upon the
remaining party.

 

Garcia v.
State Farm Lloyds, 287
S.W.3d 809, 812 (Tex.
App.—Corpus Christi 2009, pet.
filed) (citing Youngstown Sheet & Tube Co. v. Penn, 362 S.W.2d 230,
232 (Tex. 1962)); see also M.O. Dental Lab v.
Rape, 139 S.W.3d 671, 674-75 (Tex. 2004) (reaffirming validity of Youngstown
Sheet & Tube).

            Here,
the trial court granted English’s and Hick’s motion to dismiss on June 10,
2009.  Moya and the unnamed property officer for the Wynne Unit were served on
May 24 (before the dismissal order), but the returns for these citations were
not filed until June 29.  Moya answered Fuller’s suit on July 13.  Goodin was
served by certified mail, return receipt requested, on July 24.  Fuller filed a
“Motion for Summary Judgement” on July 27.  And Goodin answered Fuller’s suit
on August 10.

            The
record reflects that, after the June 10 dismissal, other defendants were served
and Fuller has continued to litigate his claims with respect to the remaining
defendants.  Therefore, the June 10 order of dismissal is not a final,
appealable judgment.  See Garcia, 287 S.W.3d at 812.

            Accordingly,
we dismiss Fuller’s appeal.

 

FELIPE REYNA

                                                                                                Justice


Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Appeal
dismissed

Opinion
delivered and filed December 16, 2009

[CV06]