

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00294-CV

**JAMES C. FULLER,**

**Appellant**

 **v.**

**BENITO MOYA, ET AL.,**

**Appellees**

From the County Court at Law
Walker County, Texas
Trial Court No. 9678CV

## MEMORANDUM OPINION

Appellant James C. Fuller filed suit against the Texas Department of Criminal Justice and TDCJ employees Benito Moya, Tommy Goodin, Freddie English, Floyd Hicks, an unnamed property officer for the Wynne Unit, and "Major Butcher." The trial court granted English's and Hick's motion to dismiss and dismissed Fuller's "cause of action" as frivolous "with prejudice as to all claims." However, not all the named defendants had been served when the dismissal order was signed, two of the defendants appeared and filed answers after the dismissal order was signed, and only

English and Hicks sought a dismissal. By order dated November 10, 2009, this Court requested briefing from the parties regarding whether the dismissal order is appealable.

The parties have filed briefs with Fuller contending that the order is appealable while the appellees contend that it is not. We agree with the appellees and will dismiss the appeal.

Generally, "an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (footnotes omitted). However,

> a judgment may be final, even though it does not dispose of all parties named in the petition, if the remaining party was never served with citation and did not file an answer, and nothing in the record indicates that the plaintiff ever expected to obtain service upon the remaining party.

*Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 812 (Tex. App.—Corpus Christi 2009, pet. filed) (citing *Youngstown Sheet & Tube Co. v. Penn*, 362 S.W.2d 230, 232 (Tex. 1962)); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674-75 (Tex. 2004) (reaffirming validity of *Youngstown Sheet & Tube*).

Here, the trial court granted English's and Hick's motion to dismiss on June 10, 2009. Moya and the unnamed property officer for the Wynne Unit were served on May 24 (before the dismissal order), but the returns for these citations were not filed until June 29. Moya answered Fuller's suit on July 13. Goodin was served by certified mail, return receipt requested, on July 24. Fuller filed a "Motion for Summary Judgement" on July 27. And Goodin answered Fuller's suit on August 10.

The record reflects that, after the June 10 dismissal, other defendants were served and Fuller has continued to litigate his claims with respect to the remaining defendants. Therefore, the June 10 order of dismissal is not a final, appealable judgment. *See Garcia*, 287 S.W.3d at 812.

Accordingly, we dismiss Fuller's appeal.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Appeal dismissed
Opinion delivered and filed December 16, 2009
[CV06]