## B. F. ALLRED, Executor, v. W. B. ALLRED.

Middle Section.    May 14, 1927.

Petition for Certiorari denied by Supreme Court, July 15, 1927.

1. **Wills. Person having any interest in the estate may contest a will.**
   The general rule is that any person who would have an interest in the estate, should the will be denied probate, may contest the will whether his interest is that of an heir, or that of a legatee or devisee under a prior will superseded by the later will.

2. **Wills.  Illegitimate son, a beneficiary in a prior will, may contest another will probated.**
   In an action to contest a will, held that an illegitimate son being a devisee in a prior will could contest the will probated.

3. **Wills.  The fact that contestant testified that the probated will was in the handwriting of deceased did not estop him to later contest the will on other grounds.**
   In an action to contest a will where the contestant had testified that the probated will was in the handwriting of the testator, the same being probated as a holographic will, held that he was not estopped to later contest the will on the ground of mental incapacity or undue influence.

4. **Estoppel.  Estoppels are not favored by the law.**
   Estoppels are not favored by the law and it must be shown that the parties acts have misled someone before an estoppel can be invoked.

5. **Judgments.  Res adjudicata.  A judgment refusing the probate of a will because another will had already been probated does not estop the party offering the second will for probate to contest the original will.**
   In an action to contest a will where the contestant had offered a will for probate in the County Court but the same was denied by the court because another will had already been probated and no appeal was perfected, held that this judgment did not estop the party from contesting the probated will on the ground of undue influence.

Appeal in Error from Circuit Court, Overton County; Hon. J. R. Mitchell, Judge.

Affirmed and remanded.

C. J. Cullom and E. C. Knight, of Livingston, for plaintiff in error.

E. D. White, of Livingston, and Roberts, McCarley & Roberts, of Nashville, for defendant in error.

DeWITT, J.   This cause involves the right of W. B. Allred to contest a will of his natural father F. C. Allred, executed on January 18, 1922, and probated in the county court on September 1, 1924; and also to probate and establish as the true will of F. C. Allred a will executed by him on June 23, 1919, making W. B. Allred a beneficiary by devise and bequest, and which was offered for pro-

bate in the county court on October 6, 1924. The testator F. C. Allred died on August 22, 1924. W. B. Allred was the only child of F. C. Allred, but is an illegitimate son. The second will was holographic, while the first will was written by one L. N. Oakley and attested by him and his son, T. M. Oakley. In the later will W. B. Allred was not made a beneficiary.

The Circuit Judge sustained the right of W. B. Allred to contest the second will and to offer the first will for probate. The assignments of error are that there is no evidence to support his judgment; that W. B. Allred is estopped by a certain judgment of the county court unappealed from, and by his giving testimony upon the probate of the second will in the county court, to contest said will or to set up the first will in which he is named as beneficiary; that he lost his right to contest the second will by its express revocation of the first will; and that the court erred in admitting testimony to the effect that the first will had been offered for probate in the county court.

The proposition that W. B. Allred, being a natural son and not an heir, has no right to contest the second will or to set up the first will, cannot be sustained, for the reason that if the first will is the real and true last will and testament of the testator, the contestant has such an interest thereunder in the estate of the testator as would entitle him to offer said will for probate, and to maintain an action of devisavit vel non. The general rule is that any person who would have an interest in the estate, should the will be denied probate, may contest the will whether his interest is that of an heir, or that of a legatee or devisee under a prior will superseded by the later will. Schouler on Wills (6 Ed.), 1926 Supp. sec. 746; Rogers v. Colville, 145 Tenn., 650, 238 S. W., 80. In Rogers v. Colville, the contestant, a stepson of the testator, instituted an action of devisavit vel non to set aside a will which had been offered for probate, and to set up a prior will making the testator's wife, the contestant's mother, the sole beneficiary. The Supreme Court held that the stepson had a right to maintain the action, as he would have taken by inheritance from his mother, who had died, under the former will, and that he was not estopped by purchasing certain property of the testator at a sale made by the executor under the later will. This case is directly in point, applying the aforesaid general rule, and is decisive of this particular question.

On September 1, 1924, the plaintiff in error B. F. Allred, as executor named in the second will, offered said will for probate in the county court of Overton county. The will was probated as the holographic will of F. C. Allred. W. B. Allred was present at this proceeding, having just come to Overton county from his home in Oklahoma, on account of the death of his father. The two wills

had just been found by B. F. Allred in an account book of the testator. The probate was made in common form. None of the statutory proceedings for probate in solemn form were employed. W. B. Allred was not summoned to attend the proceeding. He was informally called by the attorney for the executor, was sworn, and in response to questions he testified that to the best of his knowledge this second will was in the handwriting of his father. He did not testify that it was his will. The evidence clearly shows that his testimony was merely to the effect that the paper was in the handwriting of F. C. Allred.

While the giving of the testimony by W. B. Allred would undoubtedly work an estoppel upon him to deny that said paper was in the handwriting of his father, it did not in our opinion, constitute any estoppel to contest said will on the ground of mental incapacity or undue influence. There is material evidence that the testimony so given was not offered by the witness, so that it cannot be viewed as the voluntary act of a party seeking to assist in the probate of the will. The testimony did not mislead anyone. It could not have caused anyone to take any different course from that which he would otherwise have taken. In view of the policy of the law that estoppels are not favored, it would be inherently unjust and unreasonable to hold that a mere statement of this party, even under oath, that the paper writing in question was in the handwriting of his father, a fact which he readily admitted and no one denied, would preclude him from questioning the validity of said instrument upon grounds of mental incapacity or undue influence.

The fact that he was present and gave such testimony when requested, did not put him in the status of an interested party as to whom probate was being made in solemn form. A proceeding for probate in solemn form must be begun by petition setting forth the death of the testator, his residence in the county at the time of his death, the making of the will, the original or a copy of which should be exhibited with the petition; the right of the proponent as executor, devisee or legatee, and the names of the widow and next of kin. And the petition should pray for process notifying all persons interested to appear and witness the proceedings and take part in it as they see fit; and that the will be proved in solemn form. Thereupon all persons interested must be notified of the application in order to be bound by it and to cut off future contests. Pritchard on Wills and Administration, secs. 327, 328. The record contains no recital showing that the proceeding to probate this will was in anything but common form. The rule is that when probate is referred to without mentioning the form, the common form is meant. Harry v. Green, 9 Humph., 182. The proceedings requisite for probate in solemn form were not observed so far as this record shows.

On October 6, 1924, W. B. Allred, in an informal proceeding produced in the county court the will of June 23, 1919 and moved the court to admit it to probate as the last will and testament of F. C. Allred. This motion was disallowed on the ground that the holographic will had been previously produced in court and probated in common form. W. B. Allred prayed and was granted an appeal to the circuit court upon his giving bond in the sum of $250 for costs, but the appeal was not perfected. The order of the county court recited that B. F. Allred was present, excepted to the proceedings in that informal way, and resisted the same on the ground that a later holographic will had already been probated, and that W. B. Allred had testified as a witness in the probation of said holographic will and was estopped to offer the earlier will; and the order also recited that said estoppel was pleaded by B. F. Allred as executor of the holographic will. The order also recited that W. B. Allred excepted to any statement of fact in B. F. Allred's exceptions that W. B. Allred had admitted or intended to admit the paper of January 18, 1922 was a will or the last will of F. C. Allred.

It thus appears that although the facts relied on as constituting the estoppel were pleaded, whether orally or in writing does not appear, the ground of the refusal by the court to admit the earlier will to probate, was that the later will had already been probated. On the same day, October 6, 1924, W. B. Allred filed a petition in the county court averring the death of F. C. Allred, the probate of the second will, and the invalidity thereof on several grounds, including mental incapacity and undue influence; and also averring that on June 23, 1919 when F. C. Allred was in his right mind and capable of making a valid will he made and published a will in which W. B. Allred was made a beneficiary and which he averred to be the last will and testament of F. C. Allred. A copy of this alleged will was set forth in the petition. The petition prayed for process as to B. F. Allred; for judgment sustaining the petitioner's right to contest the later will; that a transcript of the record be made and certified to the circuit court, and that the holographic will be transferred to the circuit court for reprobate to the end that the petitioner might there contest its validity on the issue of devisavit vel non. Process was issued and served and B. F. Allred as executor answered the petition on December 1, 1924, denying the averments therein made, pleading estoppel by the judgment of October 6th, from which the appeal had not been perfected; and also estoppel because W. B. Allred had given testimony upon the probate of the holographic will; and averring that the second will had been properly probated.

On February 27, 1926, this proceeding under the petition to set up the first will and contest the second will was heard by the County Judge and he sustained the petition for contest and ordered that a transcript of the entire record be made, including the two wills, and certified to the next term of the circuit court, which was done. The contestant W. B. Allred then filed a bond in the sum of $500 as provided by statute. In due course the cause was heard before the Circuit Judge upon the preliminary question of the right of the contestant, and as aforesaid, he sustained the right of W. B. Allred to contest the holographic will, directed the parties to make up proper issues to be submitted to the jury, and directed the county court to transmit to the circuit court both of said wills for submission to one and the same jury. B. F. Allred, executor, had appealed to the circuit court from the order of the county court, and in the circuit court the two proceedings were consolidated. Motion for a new trial was made by B. F. Allred, executor, and overruled, and appeal in the nature of a writ of error was taken to this court. It is insisted that the circuit court should have held that W. B. Allred was bound and estopped by the judgment of the county court denying to him the right to probate the will offered by him for the reason that it was a conclusive adjudication, as the appeal therefrom was not perfected, or was abandoned. But the issue upon that hearing was the probation of the first will, and not the validity, or the right to contest the validity, of the will already probated. The right to probate the first will was denied solely because the second will had already been probated; and as no attack had been made upon said probate, no right existed to set up and probate the first will. W. B. Allred manifestly had a right then to institute the proceeding by petition to contest the will already probated, and when he did this he necessarily caused to be set aside the order of probate made by the county court, as appears from the later adjudication of the county court under the petition that he had a right to contest the will. The ground of the denial of his right to probate the earlier will having thus been removed, it was open for him to prosecute the whole proceeding to contest the holographic will and set up the earlier will. The order of probate of the holographic will was vacated and the probate set aside. W. B. Allred was therefore not estopped by the former judgment. Neither the county court nor the circuit court was in error in sustaining his right to prosecute these proceedings. When the county court made its last adjudication the limit of its jurisdiction had been reached, and under sec. 3905 of Shannon's Code, the jurisdiction of the circuit court ipso facto attached. Murrell v. Rich, 131 Tenn., 378, 175 S. W., 420. It is true that secs. 4841, 4843 and 4879 of

Shannon's Code provide the methods of appeal from judgments of the county court; but a failure to observe these provisions cannot be taken as precluding a party when the subsequent proceedings are upon different issues. It requires no citation of authorities to sustain the rule that the earlier judgment was not res adjudicata. The issue there decided would not have been so decided had the other issue as to the validity of the holographic will been presented.

The issue before the circuit court was, which, if either, was the true last will and testament of F. C. Allred. It was properly brought there under the proceedings instituted by the filing of the petition in the county court. Following the rule of practice, approved in Lillard v. Tolliver (Tenn.), 285 S. W., 576, it was certainly proper for the trial judge to provide in his order that under issues to be made up by the parties under his direction, both wills should be submitted to the jury.

Of course the proposition that the first will was expressly revoked by the second, is an issue to be submitted to the jury on the question of the validity of the second will; and if the second will be not valid it did not operate to revoke the first one. Such a proposition cannot be considered by the appellate court at this stage of the litigation. It results that all the assignments of error are overruled and the judgment of the circuit court complained of is affirmed. The costs of the appeal will be adjudged against the plaintiff in error and the surety on his appeal bond. The case will be remanded to the circuit court of Overton county for further proceedings.

Faw, P. J., and Crownover, J., concur.