IDA MAE JENNINGS, Appellant,

*v.*

HARRY BRIDGEFORD, MARTHA ANN TERRELL McCLAIN,
WILLIAM TERRELL and RICHARD TERRELL, Appellees.

403 S.W.2d 289.

(*Jackson*, April Term, 1966.)

Opinion filed May 5, 1966.

W. C. Rodgers and Marvin Brooks Norfleet, Memphis, for appellant.

Henry H. Hancock, Memphis, Farris, Hancock & Mitchell, Memphis, of counsel, for appellees.

Mr. Justice White delivered the opinion of the Court.

Appellant filed her original bill in the Chancery Court of Shelby County to set aside a judgment of the Circuit Court of Shelby County, probating a Will in solemn form, after a will contest. It is claimed by the appellant that this judgment was fraudulently procured by the appellees, defendants below.

The cause which resulted in the judgment attacked by appellant was a trial on the issue *devisavit vel non,* where the sole question was whether a paper writing, dated February 13, 1953, or a paper writing, dated March 31, 1961, was the Last Will and Testament of Martha Thornton, deceased. Appellant claims in her bill to be an heir at law of the testatrix, Martha Thornton. The paper writing, dated March 31, 1961, was contested in the original action on the ground that Martha Thornton, at the time of executing the document, was not mentally competent and that she executed the Will in duress or as the result of undue influence. A jury found in favor of the writing dated March 31, 1961; the judgment was appealed to the Court of Appeals, Western Section, and affirmed, as reported in *Williams v. Bridgeford,* 53 Tenn. App. 381, 383 S.W.2d 770 (1964).

Appellant alleges in her bill in the instant case that the defendants committed fraud in offering the 1961 Will for probate, knowing that the testatrix did not have the required mental capacity to make a Will and knowing that the Will had been obtained under undue influence. By amendment to her bill, appellant also alleges that the defendant, Harry Bridgeford, knowing that the 1961 Will was obtained by undue influence concealed this fact from the Circuit Court, and thus fraudulently procured the judgment complained of here. Attached to appellant's bill are copies of the 1953 and 1961 Wills.

A demurrer was filed to appellant's bill stating, among other things, (1) that the bill does not state a cause of action; (2) that the bill shows on its face that the appellant is not a proper party and has no interest in the estate of the deceased; and (3) that the alleged fraud set forth in the original bill is intrinsic and is not proper ground to set aside the judgment of the Circuit Court. The demurrer was sustained and appellant has perfected her appeal to this Court.

The first question is whether complainant has standing to test the validity of the probate of the 1961 Will. The 1953 and 1961 Wills are attached to complainant's bill as exhibits, and an examination of each Will shows that complainant has no interest under either of them. It is admitted, of course, that complainant is an "heir at law;" that is, she would stand to receive some of the testatrix's property under this State's laws of intestate succession. Defendants, by their demurrer, claim that the bill, on its face, does not show that complainant is a proper party to bring this suit. By way of argument they further claim that if the judgment probating the 1961 Will (is) if set aside, the 1953 Will becomes the Last Will and Testament of Martha Thornton; therefore, complainant stands to gain nothing from her suit and thus has no interest. Complainant answers this argument by saying that there is no statement in her bill that the 1953 Will is a valid Will, but was, in fact, rejected by the judgment probating the 1961 Will, and since the demurrer admits only facts well pleaded, the court cannot assume that this Will is valid and gives her no standing.

In the case of *Cowan v. Walker,* 117 Tenn. 135, 96 S.W. 967 (1906), it was held that the heir and next of kin of

a testator, to whom nothing is left by an earlier but unprobated will, has no substantial interest and, therefore, no standing to contest the probate of a later will. While this holding involved standing in a direct will contest, we can see no reason to apply it differently to challenge a person's collateral attack on the order probating the subsequent will; in effect, the interest or lack of interest of a contesting party is the same in both instances.

Complainant, however, would say that this case is no authority for challenging her interest in the case at bar because there is no showing that the 1953 Will was ''valid.'' The 1953 Will is before us as an appendix to complainant's original bill and is, thus a ''fact well pleaded.'' We can see nothing on the fact of that Will to show that it is not valid, and as the *Cowan* case obviously assumes, for the limited purpose of evidence of lack of standing, the validity of a Will does not have to be established by probate.

Furthermore, this Court will take judicial notice of the holding of the Court of Appeals in *Williams v. Bridgeford,* supra, to which we denied certiorari, in ruling on a demurrer. In accord are *Davis v. Robertson,* 165 Tenn. 609, 56 S.W.2d 752 (1933); *Heiskell v. Knox County,* 132 Tenn. 180, 177 S.W. 483 (1915). In the Williams case it is evident that the 1953 Will was not ''rejected'' as an invalid Will; rather the issue was which of either that Will or the 1961 Will was the Last Will and Testament of Martha Thornton. We, therefore, hold that where a Will, which on its face is valid and is not challenged as being improperly executed, and which leaves nothing to one who is attempting to attack collaterally the probate of a subsequent Will, that person

has no interest entitling her to set aside the probate of the later Will.

In addition to her lack of standing, complainant's bill lacks necessary allegations to support her prayer to set aside the Will contest judgment. In particular, we think that the fraud alleged is not a proper ground for setting aside the probate of a Will in solemn form after a Will contest.

■ It is settled in this State, that the judgment probating a Will in solemn form cannot be questioned except by a bill in Chancery attacking the judgment for fraud in its procurement, as any other judgment may be set aside. *State v. Lancaster,* 119 Tenn. 638, 105 S.W. 858, 14 L.R.A.,N.S., 991 (1907). This fraud in the procurement must be fraud extrinsic or collateral to the question examined and determined in the former action in which the alleged fraudulent judgment was rendered. *Keith v. Alger,* 114 Tenn. 1, 85 S.W. 71 (1904); *New York Life Insurance Co. v. Nashville Trust Company,* 200 Tenn. 513, 292 S.W2d 749, 59 A.L.R.2d 1086 (1956). In acknowledging the extrinsic-intrinsic fraud rule, in the *New York Life Insurance Company* case, we held that fraud which prevents a party from entering a defense in a case (even though the person committing the fraud was not a party to that action), and which was not in any way in issue in that action, is sufficient grounds for setting aside that action by one who was adversely affected by it.

■■ In the case at bar, the fraud, if any, is clearly intrinsic since it was at issue in the Will contest. Complainant charges that the judgment was procured by fraud in that the executor sought to probate the Will while concealing the ''fact'' that the testatrix was mentally incompetent at the time she executed the 1961 Will

and that one or more of the defendants in this action exercised undue influence on testatrix to execute the 1961 Will. The questions of mental incapacity and undue influence were specifically tried when the probate of this Will was contested in the Circuit Court in *Williams v. Bridgeford,* supra, as the record in that case indicates. It is no grounds for attacking a judgment that the defendant has concealed some evidence of a fact in issue.

Complainant asserts that she is not bound by the rule that fraud must be extrinsic to set aside the judgment sustaining the 1961 Will because she was not a party or privy to a party in that suit. In effect, what complainant claims is that she can, not being a party to the former action, adjudicate anew any question of fraud involved in the probate of that Will, even though such question could have been or in fact was decided in that former action. In stating this, complainant confuses the classic rules of res judicata, where only parties and their privies are bound by former judgments on the same issues, with the effect of judgments in will contests, which are *in rem* proceedings, binding on the whole world.

> The form of action in a will contest is *sui generis.* It is not a common law action, nor an action according to the forms of equity, but is derived from the forms of the ecclesiastical courts of England. The parties present not their own rights but their interpretation of the rights of the testator as evidenced by the will or wills. The paramount question is the proper distribution of the estate to carry out the will of the deceased testator.

> It is not an action between the parties but is a proceeding *in rem* and the judgment binds all parties whether parties on the record or not. 1 Phillips' Pritchard, Wills sec. 337 (3rd ed. 1955).

To the extent that it is a proceeding in rem a decree of probate is conclusive upon every person interested in the estate whether or not he participates in the proceedings. Thus if a proceeding for the probate of a will contemplates that all the parties interested shall have notice, actual or constructive, of the application for its probate, and an opportunity to resist such probate, the decision of the court is conclusive upon them unless the statute, in express terms, gives them, or some of them, further opportunity to make a contest. 2 Freeman, Judgments sec. 812 (5th ed. 1925).

As already indicated, a decree probating a will is conclusive, so far as the res is concerned, of every matter necessarily determined thereby. But being a proceeding in rem it is not like an ordinary judgment in personam which may be conclusive as to every matter adjudicated by it, in subsequent proceedings though involving an entirely different subject matter. The conclusiveness of a judgment strictly in rem is limited to the res with respect to which the judgment was rendered, except possibly as to those persons as to whom the proceeding was in effect one inter partes by virtue of an active contest. Hence in subsequent proceedings the probate of a will, as a decree in rem is conclusive only as to the ultimate fact of a valid will and not as to the mental condition of the testator or other facts upon which the question of will or no will depends. It is not evidence even of the death of the testator in subsequent proceedings for the admeasurement of widow's dower, and obviously it constitutes no adjudication of adverse title to the property devised. But with these limitations, the admission of a will to probate is, as to the parties bound thereby,

conclusive evidence of the facts necessary to uphold it, and of everything which might have been urged for or against the probate. It is conclusive as to such matters as the testamentary capacity of the testator, the due execution and genuineness of the will, the testamentary character of the instrument, the absence of fraud and undue influence, as well as the jurisdictional facts authorizing the court to hear and determine the application. 2 Freeman, Judgments sec. 813 (5th ed. 1925).

In *Reeves v. Hager*, 101 Tenn. 712, 50 S.W. 760 (1899) it was held as to a probate in common form:

A probate of a will is a proceeding *in rem*, and operates upon the subject-matter in controversy, and, though, in common form, is binding upon all parties, whether adults or minors, until the probate is set aside by a proper proceeding, and in a proper manner. Under the rulings of our court, whatever may be the rule in other jurisdictions, in the absence of fraud or collusion, a probate in common form is conclusive, until annulled, both as to the capacity of the testator, and as to the testamentary character of the instrument and its due execution; and not even a court of chancery can inquire into these features, even though fraud and undue influence in procuring the will is alleged.

The extrinsic-intrinsic fraud theory, as regards when a judgment may properly come under collateral attack, must be intended, therefore, to meet those cases where one is bound by a judgment though not actually a party thereto. This is particularly so in the case where a Will is probated in solemn form and even contested, since we must presume that all interested parties had notice of

the proceedings, and a right to intervene, the contrary not appearing in the pleadings. The record in *Williams v. Bridgeford,* supra, shows that the appellant, Ida Mae Jennings, appeared as a witness in the aforesaid Will contest.

It is our decision then, that the chancellor below properly sustained defendants' demurrer and dismissed the bill.

Affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.