IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2017

**IN RE ESTATE OF JOHN JEFFERSON WALLER, JR.**

**Appeal from the Probate Court for Davidson County**
**No. 16P1690 David Randall Kennedy, Judge**

_____

**No. M2017-00360-COA-R9-CV**

_____

In this interlocutory appeal involving a will contest, the trial court determined that Appellant did not have standing to contest the will at issue. In light of the Tennessee Supreme Court's recent decision in ***In re Estate of Brock***, No. E2016-00637-SC-R11-CV, 2017 WL 5623526 (Tenn. Nov. 22, 2017), we reverse and remand for further proceedings.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Probate Court Reversed**
**and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Cathryn Armistead, Nashville, Tennessee, for the appellant, Juan A. Horsley.

**MEMORANDUM OPINION[1]**

**Background**

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

John Jefferson Waller, Jr. (Decedent) died on September 24, 2016.[2] On October 6, 2016, Petitioner Annie Burns filed a petition to admit will to probate. The petition alleged that Decedent had executed a Last Will and Testament on August 23, 2016, which will bequeathed all of Decedent's property to Ms. Burns ("the 2016 Will"). The petition also alleged, erroneously, that Ms. Burns was related to Decedent and that she was his next of kin. On the same day, Ms. Burns filed a petition for a temporary restraining order alleging that the "unknown relatives" of Decedent had taken control over his real property, preventing Ms. Burns from accessing the home. On October 7, 2016, the trial court granted the temporary restraining order and directed that "John Doe" was restrained from living in the Decedent's real property. The trial court did not require any bond relative to the temporary restraining order.

On October 14, 2016, Appellant/Intervening Petitioner Juan A. Horsley ("Appellant") filed an intervening petition to probate a will. Therein, Appellant alleged that he was the great nephew of Decedent and therefore was Decedent's heir at law, along with two others, a nephew and another great nephew, Tyrone C. Horsley (together with Appellant, "Great Nephews"). Appellant further alleged that Decedent executed a Last Will and Testament on November 26, 2008 ("the 2008 Will"), naming Appellant and Mr. Horsley as co-executors and bequeathing property to the Appellant and Decedent's other Great Nephew. [3]

The intervening petition further alleged that Ms. Burns's initial petition contained misrepresentations regarding Ms. Burns's consanguinity with Decedent. Appellant also contended that the 2016 Will was procured by undue influence, as Ms. Burns held a power of attorney over Decedent. Appellant contended that Ms. Burns, using this power of attorney, misappropriated funds from the estate. As such, Appellant asked that the 2008 Will be admitted to probate and that an inventory and accounting of the estate be ordered. Appellant attached to his petition the 2008 Will and an affidavit alleging that Great Nephews and Decedent's nephew were the only intestate heirs of Decedent.

On October 25, 2016, yet another Last Will and Testament was filed with the trial court. This will, dated December 10, 2015 ("the 2015 Will"), left all property to Intervening Petitioners George Doyle Kendrick, Sr., and O'Liluard Lepez Kendrick, Decedent's neighbors ("Neighbors"). Shortly thereafter, on November 1, 2016, the trial court vacated the temporary restraining order. On November 15, 2016, the trial court entered an order noting that because of the three competing wills in this case, issues of

---

[2] Because this interlocutory appeal concerns a single issue regarding standing to contest a will, we confine our recitation of facts only to those facts relevant to this appeal.

[3] The will provided that the executor would be Dorothy Horsley, decedent's niece, and that she would also share in the estate. In the event of Ms. Horsley's death, however, the co-executor duties fell to her children, the Great Nephews, and Ms. Horsley's share in the estate was likewise to be divided between the Great Nephews. Ms. Horsley died on January 11, 2016.

standing were required to be resolved. In the intervening time, the trial court appointed a third-party to administer the estate.

On December 13, 2016 Appellant filed a brief in support of his standing to contest the wills. Therein, Appellant alleged that both the 2015 and 2016 Wills were invalid. On December 16, 2016, Neighbors filed a petition to admit the 2015 Will to probate and a will contest regarding the 2016 Will. Therein, Neighbors alleged that, *inter alia*, the 2016 Will was procured through undue influence and that Decedent did not have testamentary capacity to execute the 2016 Will. On January 4, 2017, the trial court entered an order declaring that Appellant lacked standing to contest the 2016 Will and dismissing Appellant's petition. The trial court, however, granted Neighbors' petition to contest the 2016 Will.

Upon request of Appellant, the trial court subsequently granted an interlocutory appeal regarding its decision to dismiss Appellant's will contest on the basis of lack of standing. In its order, the trial court noted its reluctance to dismiss Appellant's petition where there was a basis to believe that both the 2015 and 2016 Wills may have been procured by "nefarious characters" using "undue influence from a blind, illiterate, ninety-five year old decedent." The trial court's order granting the interlocutory appeal expressly stayed all trial court proceedings related to the will contest pending resolution of this appeal. This Court likewise granted Appellant's application for an interlocutory appeal on March 14, 2017. While this appeal was pending, this Court determined that the Tennessee Supreme Court had granted permission to appeal in the case relied upon by the trial court to support dismissal of Appellant's will contest. *See In re Estate of Brock*, No. E2016-00637-COA-R3-CV, 2016 WL 6503696 (Tenn. Ct. App. Nov. 3, 2016), *appeal granted* (Mar. 8, 2017), *rev'd*, No. E2016-00637-SC-R11-CV, 2017 WL 5623526 (Tenn. Nov. 22, 2017). As such, this Court entered an order on August 29, 2017 staying this matter pending a resolution in *Brock*.[4]

### Discussion

A single issue is raised in this interlocutory appeal: Whether Appellant has standing to file a will contest in this case. Based upon recent clarification offered by the Tennessee Supreme Court on this issue, we conclude that Appellant has standing in this matter. The question of whether an individual has standing is a question of law that this Court reviews de novo with no presumption of correctness. *See In re Estate of Brock*, --- S.W.3d ---, No. E2016-00637-SC-R11-CV, 2017 WL 5623526, at *3 (Tenn. Nov. 22, 2017).

The standing of an individual filing a will contest is a threshold issue that must be adjudicated prior to any consideration of the merits of the will contest. *Id.* As Tennessee

---

[4] Neither Ms. Burns nor Neighbors have participated in this appeal.

law provides: "If the validity of any last will or testament . . . is contested, then the court having probate jurisdiction over that last will or testament must enter an order sustaining or denying the contestant's right to contest the will." Tenn. Code Ann. § 32-4-101(a). "The right of a contestant to challenge the validity of a will presents a dispute separate and apart from the contest itself." *In re Estate of Otte*, No. 02A01-9402-PB-00023, 1995 WL 116013, at *1 (Tenn. Ct. App. Mar. 15, 1995) (citing *Cowan v. Walker*, 96 S.W. 967, 968 (Tenn. 1906)). "As soon as the probate court is made aware of a contest, it must halt the . . . probate proceedings and determine whether the person seeking to contest the will has standing to pursue a will contest." *In re Estate of Boote*, 198 S.W.3d 699, 714 (Tenn. Ct. App. 2005) (citing *In re Estate of King*, 760 S.W.2d 208, 211–12 (Tenn. 1988); *In re Will of Ambrister*, 330 S.W.2d 330, 334–35 (Tenn. 1959); *Jenkins v. Jenkins*, 77 S.W.2d 805, 806–07 (Tenn. 1935); *Murrell v. Rich*, 175 S.W. 420, 425 (Tenn. 1914); 1 Jack W. Robinson, Sr. & Jeff Mobley, *Pritchard on the Law of Wills and Administration of Estates* §§ 354, at 543–44, 364, at 556–57, 377, at 569–71 (5th ed. 1994 & Supp. 2004)); *see also Estate of Ferguson*, No. 01A01-9707-PB-00313, 1998 WL 161090, at *3 (Tenn. Ct. App. Apr. 8, 1998) ("Before a contest can be certified to the circuit court, the Probate Court must find that the contestant has standing to pursue the contest.").

In order to establish standing, "a contestant must show that he or she would be entitled to share in the decedent's estate if the will were set aside or if no will existed." *Brock*, 2017 WL 5623526, at *4. As such, "[s]tanding to pursue a will contest is limited to those who would benefit under the terms of another will or codicil or the laws of intestate succession if the will contest is successful." *In re Estate of Boote*, 198 S.W.3d at 714 (citing *Jennings v. Bridgeford*, 403 S.W.2d 289, 290–91 (Tenn. 1966); *Cowan*, 96 S.W. at 970; Robinson & Mobley, *supra*, §§ 354, at 540, 369, at 562)); *see also In re Estate of West*, 729 S.W.2d 676, 677–78 (Tenn. Ct. App. 1987) ("[I]t is well settled . . . that before [a contestant] may go forward with a will contest he must show that he would take a share of the decedent's estate if the probated will were set aside."); *Allred v. Allred*, 5 Tenn. App. 200, 201 (Tenn. Ct. App. 1927) ("The general rule is that any person who would have an interest in the estate, should the will be denied probate, may contest the will whether his interest is that of an heir, or that of a legatee or devisee under a prior will superseded by the later will.").

The issue of standing to contest a will when there are multiple competing wills was considered by the Tennessee Supreme Court in both 1906 and 1966, with the court twice holding that the contestant did not have standing to pursue the will contest. *See Jennings*, 403 S.W.2d 289 (denying a collateral attack on a will); *Cowan*, 96 S.W. 967 (dismissing a will contest based on lack of standing). In *Cowan*, the Tennessee Supreme Court noted the following: "[W]e think this prima facie case [of standing] is necessarily met and destroyed by the existence of the earlier, valid, but unprobated, will. This leaves him a stranger to the estate, and as such without any right of contest." *Cowan*, 96 S.W. at 970; *see also Jennings*, 403 S.W.2d at 291 ("We, therefore, hold that where a Will,

which on its face is valid and is not challenged as being improperly executed, and which leaves nothing to one who is attempting to attack collaterally the probate of a subsequent Will, that person has no interest entitling her to set aside the probate of the later Will.").

Based upon these pronouncements, this Court recently held that an individual has no standing to contest multiple prior wills where at least one prior will disinherits the contestant and appears facially valid and properly executed, even where the contestant alleged that the prior wills had allegedly been procured through undue influence. *See In re Estate of Brock*, No. E2016-00637-COA-R3-CV, 2016 WL 6503696, at *6 (Tenn. Ct. App. Nov. 3, 2016), *rev'd*, No. E2016-00637-SC-R11-CV, 2017 WL 5623526 (Tenn. Nov. 22, 2017).[5] This Court noted, however, that such a rule was troubling, as it "could potentially be used by a wrongdoer to insulate his or her wrongdoing from being challenged." *Id.* As such, we suggested that further review by our supreme court was welcome. *Id.*

The Tennessee Supreme Court indeed granted permission to appeal in *Brock* and reversed, holding that neither *Cowan* nor *Jennings* deprive a contestant of standing where none of the contested wills had yet been established either by admission or judicial determination. *Brock*, 2017 WL 5623526, at *6. Rather, in both *Cowan* and *Jennings*, at least one of the subsequent wills had been held to be valid either through admission or judicial determination. *Id.* at *5 (citing *Cowan*, 96 S.W. at 969 (noting that an intervening will disinheriting the contestant had been established as valid through uncontroverted testimony); *Jennings*, 403 S.W.2d at 292–93 (noting that the challenged will had previously been conclusively judicially determined to be valid and that no extrinsic fraud was shown to justify a collateral attack on the court's prior judgment)). Because none of the wills in *Brock* had been judicially determined to be valid, nor had the contestants conceded the validity of any of the subsequent wills, the fact that the contestants would take under an earlier will or through intestate succession conferred standing on the individuals to contest all of the subsequent wills. *Brock*, 2017 WL 5623526, at *6.

The same is true in this case. This case involves three competing wills: (1) the 2016 Will benefiting Ms. Burns; (2) the 2015 Will benefiting Neighbors; and (3) the 2008 benefiting Great Nephews. Here, there can be no dispute that were the 2015 and 2016 Wills set aside, Appellant would take under the 2008 Will. Indeed, it appears from the record that Appellant, along with two other relatives, would also take under intestate

---

[5] In *Brock*, the decedent had allegedly executed wills in 1994, 1998, 2006, 2012, and 2013. *Id.* at *1. Contestants contested the validity of the wills on the basis of, *inter alia*, undue influence and lack of capacity. *Id.* Although the contestants did not take under the 2013 or 2012 wills, at least some of the contestants would have taken under each prior will and all of the contestants would inherit through intestate succession. *Id.* This Court affirmed the trial court's dismissal of the will contest because "all of the [c]ontestants are excluded from the 2012 Will, which appears to be valid on its face and is not challenged as being improperly executed." *Id.* at *6.

succession should all of the competing wills be set aside. *See* Tenn. Code Ann. § 31-2-104 ("If there is no surviving issue or parent, to the brothers and sisters and the issue of each deceased brother and sister by representation; if there is no surviving brother or sister, the issue of brothers and sisters take by representation[.]"). Moreover, like in ***Brock***, the validity of neither the 2015 Will nor the 2016 Will have been established through admission or judicial determination. Rather, Appellant has expressly challenged both subsequent wills.[6] Because a successful challenge to both the 2015 and 2016 Wills would result in a benefit to Appellant, he has standing to pursue his will contest. *See* ***Brock***, 2017 WL 5623526, at *4 (holding that an individual has standing to contest will "if the will were set aside **or** if no will existed) (emphasis added).

### Conclusion

The judgment of the Probate Court of Davidson County is reversed and this cause is remanded to the trial court for all further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are taxed to Petitioner Annie Burns and Intervening Petitioners George Doyle Kendrick, Sr. and O'Liluard Lepez Kendrick, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[6] We note that Appellant's challenge to the 2015 Will, contained in his brief on standing, is rather conclusory. Regardless, the trial court's order granting the interlocutory appeal makes clear that Appellant challenged both the 2015 and 2016 Wills in the trial court on the basis of undue influence. In addition, neither Ms. Burns nor Neighbors have in any way participated in this appeal to assert that no proper challenge was lodged against the 2015 Will in the trial court.