IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2022 Session

## IN RE ESTATE OF LOUISE SHIP GREEN

**Appeal from the Probate Court for Shelby County**
**No. PR-21467    Kathleen N. Gomes, Judge**

_____

### No. W2022-00449-COA-R3-CV

_____

Appellant filed an objection to the probate of Decedent's will, and Appellee, the Executrix of Decedent's estate, filed a motion to dismiss the objection. The trial court granted Appellee's motion, dismissed Appellant's objection for lack of standing, and admitted Decedent's will to probate. Appellant appeals the trial court's grant of Appellee's motion to dismiss for lack of standing and also asserts that she received no notice of the hearing on Appellee's motion. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Heather Patrice Hogrobrooks Harris, Memphis, Tennessee, appellant, pro se.

Thomas Branch, Memphis, Tennessee, for the appellee, Tijuana Harris.

## OPINION

### I. Background

On or about April 19, 2016, Louise Ship Green ("Decedent") executed her last will and testament (the "Will"). Decedent died on July 11, 2016. The Will names Decedent's granddaughter, Appellee Tijuana Harris, as the Executrix of the Estate. The Will does not make any specific bequest and leaves the entire residual estate to Appellee. The Will specifically states that Decedent is not married, and further provides that: "I do not have any living children. I intentionally leave nothing to anyone else claiming to be a child of

mine regardless of the validity of their claim." Decedent's son, Jimmy D. Harris, predeceased her on March 10, 2015. Appellant Heather Patrice Hogrobrooks Harris was married to Jimmy Harris.

On or about January 10, 2022, Appellee filed a Petition to Probate the Last Will and Testament of Louise Shipp Green. On or about February 9, 2022, Appellant filed a Notice of Objections to the Petition to Probate. On or about March 10, 2022, Appellee filed a motion to dismiss Appellant's objection to the probate of Decedent's will. On March 16, 2022, a notice of hearing was filed in the trial court, and, according to the certificate of service, notice of the hearing was sent to Appellant. On March 23, 2022, Appellant filed a document titled: "Response to Proponent's motion to dismiss objection to probate of Will of Louise Green as Muniment of Title," wherein Appellant specifically stated "I, Heather P. Hogrobrooks Harris object[] to any dismissal of my filed objections to the probate of Mrs. Louise Green's 'will' as anything but an intestate estate for the reasons filed of record and attached to this motion as an exhibit." Despite her March 23, 2022 filing, Appellant did not appear at the March 24, 2022 hearing on Appellee's motion to dismiss her objection.

By order of March 29, 2022, the trial court dismissed Appellant's objection on the ground that she had no standing to contest the probate of the will. Specifically, the trial court held:

> IT APPEARS TO THIS COURT, that Notice of this hearing was filed and sent to Mrs. Heather Hogrobrooks Harris on March 16, 2022 and Mrs. Hogrobrooks Harris failed to appear for the hearing.
> IT FURTHER APPEARS TO THIS COURT, based on the arguments of counsel and the attachments to the Motion to Dismiss that Mrs. Hogrobrooks [Harris] does not have standing to contest the Last Will and Testament of Louise Ship Green as Mrs. Hogrobrooks Harris is not an heir at law of Louise Ship Green and has not produced any subsequent document whereby the decedent Louise Ship Green has named Heather Hogrobrooks Harris as a beneficiary of the Estate of Louise Ship Green.
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by this Court that Notice of this hearing was sent to Heather Hogrobrooks Harris and Mrs. [Hogrobrooks] Harris has failed to appear. Further, Heather Hogrobrooks Harris does not have standing to contest the Last Will and Testament of Louise Ship Green and her objection to admission to probate the Last Will and Testament of Louise Ship Green is hereby dismissed with prejudice.

On the same day, the trial court entered an order admitting the Will to probate.

## II. Issues

Appellant raises six issues in her appellate brief. However, we perceive that there are two dispositive issues, which we state as follows:

1. Whether Appellant provided sufficient evidence to rebut the presumption of notice arising from the certificate of service attached to the notice of hearing on Appellee's motion to dismiss Appellant's objection to the probate of Decedent's Will.
2. Whether Appellant has standing to object to the probate of Decedent's Will.

## III. Notice of Hearing

As noted above, on or about March 10, 2022, Appellee filed a motion to dismiss Appellant's objection to the probate of Decedent's Will. On March 16, 2022, a notice of hearing was filed with the trial court, and, according to the certificate of service, notice of the hearing was sent as follows:

I hereby certify that a copy of the foregoing has been sent via U.S. Mail the following:

Heather Hogrobrooks Harris
579 Byron Dr.
Memphis, Tennessee 38109

on this 16th day of March, 2022

Appellant did not appear at the hearing on Appellee's motion to dismiss her objection. On appeal, Appellant asserts that she did not receive notice of that hearing.[1]

Under Tennessee law, "[a] certificate of service is prima facie evidence that a motion was served in the manner described in the certificate, and raises a rebuttable presumption that it was received by the person to whom it was sent." *McBride v. Webb*, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25,

---

[1] The hearing on Appellee's motion to dismiss Appellant's objection to the probate of Decedent's Will was scheduled for March 24, 2022, and the notice of that hearing was sent on March 16, 2022. Although the notice of hearing may have been untimely, Appellant does not raise an issue concerning the timeliness of the notice. Rather, Appellant's sole argument is that she did not receive the notice at all. Having failed to raise the issue of timeliness of the notice of hearing, Appellant has waived that issue. Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."); *Watson v. Watson*, 309 S.W.3d 483, 497 (Tenn. Ct. App. 2009) (citations omitted) ("The appellate court may treat issues that are not raised on appeal as being waived.").

2007). This presumption may, however, be rebutted by proof that the document was not, in fact, received. *Estate of Vanleer v. Harakas*, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *8 (Tenn. Ct. App. Dec. 5, 2002). Here, Appellant provided no evidence to rebut the certificate of service attached to the notice of hearing. In the absence of such evidence, Appellant failed to meet her burden of proof on the question of notice. *See, e.g., Southeast Bank & Trust v. Calderara*, No. E2015-00353-COA-R3-CV, 2015 WL 7890039, at * (Tenn. Ct. App. Dec. 4, 2015) (denying Tennessee Rule of Civil Procedure 60 relief because movant could not rebut the presumption of proper service arising from the certificate of service); *Orr v. Orr*, No. 01-A-01-9012-CH-00464, 1991 WL 226916 (Tenn. Ct. App. Nov. 6, 1991) (holding that a petition was properly served when the party contesting service had "not rebutted the presumption that her attorney received the petition.").

## IV. Standing

Turning to the question of whether Appellant has standing to contest the probate of Decedent's Will, the Tennessee Supreme Court has explained:

> Whether a contestant has standing to bring a will contest is a threshold question of law separate and apart from the merits of the will contest itself. *See* Tenn. Code Ann. § 32-4-101(a) (2015) ("If the validity of any last will or testament, written or nuncupative, is contested, then the court having probate jurisdiction over that last will or testament must enter an order sustaining or denying the contestant's right to contest the will."); *Crocker v. Balch*, 104 Tenn. 6, 55 S.W. 307, 307 (1900); see also *In re Estate of Boote*, 198 S.W.3d 699, 714 (Tenn. Ct. App. 2005) ("As soon as the probate court is made aware of a contest, it must halt the . . . probate proceedings and determine whether the person seeking to contest the will has standing to pursue a will contest."); *Jolley v. Henderson*, 154 S.W.3d 538, 542-43 (Tenn. Ct. App. 2004). This Court reviews de novo the determination of questions of law and affords no presumption of correctness to lower court rulings. *Johnson v. Hopkins*, 432 S.W.3d 840, 844 (Tenn. 2013).

*In re Estate of Brock*, 536 S.W.3d 409, 413 (Tenn. 2013).

In *In re Estate of Waller*, this Court explained:

> In order to establish standing, "a contestant must show that he or she would be entitled to share in the decedent's estate if the will were set aside or if no will existed." *Brock*, 536 S.W.3d at [410] . . . . As such, "[s]tanding to pursue a will contest is limited to those who would benefit under the terms of another will or codicil or the laws of intestate succession if the will contest is successful." *In re Estate of Boote*, 198 S.W.3d at 714 (citing *Jennings v.*

- 4 -

***Bridgeford***, 218 Tenn. 287, 403 S.W.2d 289, 290-91 (Tenn. 1966); ***Cowan*** [***v. Walker***], 96 S.W. [967,] at 970 [(Tenn. 1906)]; [1 Jack W. Robinson, Sr. & Jeff Mobley, *Pritchard on the Law of Wills and Administration of Estates*] §§ 354, at 540, 369, at 562 [(5th ed. 1994 & Supp. 2004)]; *see also **In re Estate of West***, 729 S.W.2d 676, 677-78 (Tenn. Ct. App. 1987) ("[I]t is well settled . . . that before [a contestant] may go forward with a will contest he must show that he would take a share of the decedent's estate if the probated will were set aside."); ***Allred v. Allred***, 5 Tenn. App. 200, 201 (Tenn. Ct. App. 1927) ("The general rule is that any person who would have an interest in the estate, should the will be denied probate, may contest the will whether his interest is that of an heir, or that of a legatee or devisee under a prior will superseded by the later will.").

***In re Estate of Waller***, No. M2017-00360-COA-R9-CV, 2017 WL 5952917, *3 (Tenn. Ct. App. Nov. 30, 2017).

Turning to the record, Appellant is not named as a devisee in Decedent's April 19, 2016 Will.  Furthermore, Appellant has not produced any other purported will under which she would inherit any part of Decedent's Estate. ***In re Estate of Boote***, 198 S.W.3d at 714 ("Standing to pursue a will contest is limited to those who would benefit under the terms of another will or codicil or the laws of intestate succession if the will contest is successful.").  Moreover, Appellant is not Decedent's heir-at-law entitled to any part of Decedent's estate should the Will be set aside.  Tenn. Code Ann. § 31-2-104; ***In re Estate of West***, 729 S.W.2d at 677-78 ("[I]t is well settled . . . that before [a contestant] may go forward with a will contest he must show that he would take a share of the decedent's estate if the probated will were set aside.").  In the absence of such evidence, Appellant lacks standing to contest the probate of Decedent's Will.  Accordingly, the trial court did not err in granting Appellee's motion to dismiss Appellant's objection.

## V. Conclusion

For the foregoing reasons, the trial court's order is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion.  Costs of the appeal are assessed to the Appellant, Heather Patrice Hogrobrooks Harris.  Because Appellant is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE