IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2018

## JUAN LaSEAN PERRY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Trousdale County**
**No. 2018-CV-4677     John D. Wootten, Jr., Judge**

---

### No. M2018-00207-CCA-R3-HC

---

The Petitioner, Juan LaSean Perry, appeals from the Trousdale County Circuit Court's dismissal of his petition for a writ of habeas corpus from his 2005 conviction for second degree murder and his twenty-five-year sentence. The Petitioner contends that the habeas corpus court erred by dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and JOHN EVERETT WILLIAMS, P.J., joined.

Juan LaSean Perry, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record reflects that although the Petitioner was indicted for first degree murder for an incident occurring in April 2002, he was convicted after a jury trial of second degree murder in November 2005. On January 25, 2006, the trial court imposed a twenty-five-year sentence at 100% service as a violent offender and ordered the sentence to be served consecutively to unrelated sentences in another county. The Petitioner appealed, and this court affirmed his conviction and sentence. *See State v. Juan La Sean Perry*, No. M2007-00903-CCA-R3-CD, 2008 WL 1875165 (Tenn. Crim. App. Apr. 28, 2008), *no perm. app. filed*. In 2013, the Petitioner sought post-conviction relief on the basis that he received the ineffective assistance of counsel and argued that due process principles required tolling the one-year statute of limitations for seeking relief. *See Juan La Sean Perry v. State*, No. M2013-00986-CCA-R3-PC, 2013 WL 5775814, at *1 (Tenn. Crim. App. Oct. 24, 2013),

*perm. app. denied* (Tenn. Feb. 24, 2014). The post-conviction court summarily dismissed the petition as untimely, after determining that due process did not require tolling the limitations period, and this court affirmed the post-conviction court's determinations. *Id*.

On January 2, 2018, the Petitioner filed the instant petition for a writ of habeas corpus. He alleged that his second degree murder conviction was void because the trial court lacked subject matter jurisdiction to place him in confinement "without an indictment" in that the conviction was obtained after a constructive amendment to the indictment. He requested his petition be heard in the county of the convicting court. He also alleged that the 100% service requirement of his twenty-five-year sentence was in direct contravention of Tennessee Code Annotated section 41-21-236. He requested the entry of a corrected judgment reflecting a 35% service requirement. The habeas corpus court summarily dismissed the petition. The court determined, without specificity, that the Petitioner failed to comply with the statutory procedural requirements when filing a habeas corpus petition. The court also determined that the petition failed to state an allegation that, if true, would have deprived the convicting court of jurisdiction. This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. He argues that the trial court lacked jurisdiction to enter a judgment when "the jury returned a verdict contrary to the grand jury indictment" and that his second degree murder conviction violated due process principles because he was never charged with this offense and because he was not provided proper notice of the offense for which he had to prepare a defense. He, likewise, argues that his "sentence is beyond the jurisdiction" of the trial court. The State responds that the habeas corpus court did not err by summarily dismissing the petition because the Petitioner failed to state a colorable claim for relief.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that a defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d

106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Although the habeas corpus court summarily dismissed the petition because the Petitioner failed to comply with the statutory procedural requirements, the court did not state which requirement the Petitioner failed to satisfy. The formal requirements for a petition for habeas corpus relief are "mandatory and must be followed scrupulously." *Archer*, 851 S.W.2d at 165; *see Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004). Tennessee Code Annotated section 29-21-107(b)(1)-(4) (2012), requires a petitioner to identify the person restraining the petitioner, to identify the place where the petitioner is being restrained, to attach to the petition relevant documents from the underlying proceedings, including the judgment of conviction, to affirm that the legality of the restraint has not been adjudicated previously, and to state whether the instant petition is the first or subsequent application for relief. "[W]hen such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a . . . court may properly choose to dismiss the petition[.]" *Summers*, 212 S.W.3d at 261.

In his petition, the Petitioner identified himself and the correctional facility in which he is confined, stated that this was his first petition for habeas corpus relief challenging the legality of his detention, attached to his petition the judgment of conviction, and stated the alleged grounds for which he sought relief, all of which are required by Tennessee Code Annotated section 29-21-107. The Petitioner filed his petition in the county of his confinement, and his petition was properly notarized. *See* T.C.A. §§ 29-21-105, -107. We note that the habeas corpus court did not identify which statutory procedural requirement the Petitioner failed to satisfy.

Nevertheless, the habeas corpus court also determined that the Petitioner's judgment is not void. The Petitioner argues that the trial court lacked jurisdiction to enter a judgment of conviction for second degree murder because the indictment charged him with first degree murder. When an indictment is defective to the extent that it deprives a trial court of jurisdiction, the allegation may be raised in a petition for habeas corpus relief. *Dykes v. Compton*, 978 S.W.2d 528, 528 (Tenn. 1998). However, the Petitioner has not established that the indictment was defective and that, as a result, the judgment is void. The judgment of conviction attached to the petition reflects that the Petitioner was charged with first degree murder but was convicted of second degree murder after a jury trial. "[A]n indictment for an offense encompasses, by implication, all lesser included offenses." *Strader v. State*, 362 S.W.2d 224, 228 (Tenn. 1962). Second degree murder is a lesser included offense of first

degree murder. T.C.A. § 40-18-110(g)(1) (2012). The indictment in the present case charged first degree murder and, as a result, charged second degree murder as a lesser included offense. The trial court did not lack jurisdiction to enter a judgment of conviction. The Petitioner is not entitled to relief on this basis.

The Petitioner also argues that the judgment of conviction is void because the trial court should have required a release eligibility date after 60% service, rather than requiring 100% service. However, the Criminal Sentencing Reform Act of 1989 states the following:

> There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits . . . shall operate to reduce a sentence imposed by the court by more than fifteen percent (15%).

*Id*. § 40-35-501(i)(1) (2003) (amended 2006, 2007, 2009, 2010, 2012, 2013, 2014). Second degree murder is an enumerated offense for which the 100% service requirement applies. *See id*. § 40-35-501(i)(2)(B). Therefore, the judgment of conviction properly reflects 100% service of the Petitioner's twenty-five-year sentence. The Petitioner has failed to show he is entitled to habeas corpus relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-4-