IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2020

**JUAN LASEAN PERRY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County**
**No. 2020-CV-4820  Brody N. Kane, Judge**

_____

**No. M2020-00583-CCA-R3-HC**

_____

The Petitioner, Juan LaSean Perry, appeals the dismissal of his petition for writ of habeas corpus. He asserts on appeal, as he did in his petition, that the trial court lacked jurisdiction to enter a judgment for second degree murder. He also asserts for the first time that the trial court erred in applying certain enhancement factors during sentencing. Following careful review, we affirm the denial of the habeas corpus petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Juan LaSean Perry, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Clark Thornton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Petitioner was indicted for first-degree premeditated murder and was convicted of second degree murder following a jury trial in 2005. State v. Juan La Sean Perry, No. M2007-00903-CCA-R3-CD, 2008 WL 1875165, at *1 (Tenn. Crim. App. Apr. 28, 2008). As this court summarized on direct appeal:

Joey Williams, the victim, was shot and killed on April 29, 2002. Robert Dawson, the victim's cousin, testified that he met with the victim around 10:00 p.m. on April 29, 2002. The victim told Dawson that he was going over to the Hunter Hill Apartments where some men were supposed to meet and fight. In a separate vehicle, Dawson followed the victim to the apartments. Upon arrival, the victim pulled up beside a maroon Chevrolet Caprice and stopped for a minute. The victim then drove his truck away fast with the Caprice giving chase. Dawson heard gunshots and saw someone firing a gun outside the window on the passenger-side of the Caprice. Dawson turned his car around and drove after the victim. Dawson saw that the victim's truck had stopped near a fire hydrant. Dawson went over to the truck and saw a bullet hole in the driver's-side window. Dawson opened the door of the truck and saw the victim slumped over the steering wheel. Dawson found a .380 pistol on the floor of the truck. He then went looking for the Caprice but did not find it. The next day, Dawson turned the .380 pistol over to the police.

Id. The Petitioner was sentenced to 25 years at 100% release eligibility, and this court affirmed the conviction and sentence on direct appeal. Id. Subsequently, the Petitioner filed a petition for post-conviction relief, which the trial court dismissed as time-barred. Juan La Sean Perry v. State, No. M2013-00986-CCA-R3-PC, 2013 WL 5775814, at *1 (Tenn. Crim. App. Oct. 24, 2013), perm. app. denied (Tenn. Feb. 24, 2014). This court affirmed the dismissal on appeal. Id.

The Petitioner next filed an unsuccessful motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, and this court dismissed a subsequent appeal to the motion when the Petitioner failed to respond to an order regarding the missed filing deadline. See State v. Juan L. Perry, No. M2018-01960-CCA-R3-CD (Tenn. Crim. App. Apr. 12, 2019) (order dismissing the Petitioner's Rule 36.1 motion appeal). The Petitioner filed his first petition for habeas corpus relief in 2018. See Juan LaSean Perry v. State, No. M2018-00207-CCA-R3-HC, 2018 WL 3913505, at *1 (Tenn. Crim. App. Aug. 15, 2018). In that petition, as he did in the current petition, the Petitioner asserted that the trial court lacked jurisdiction to convict him of second degree murder because he had been indicted for first-degree murder. He further asserted that the trial court erred in imposing a 100% sentence service requirement. Id. This court affirmed the dismissal of that petition. Id.

The Petitioner next filed a second habeas corpus petition, the denial of which is the basis for this appeal. The trial court concluded that the petition was "unverified by affidavit as required by statute" and noted that "second degree murder . . . is a lesser-included offense of the indicted charge." This timely appeal followed.

## ANALYSIS

In the instant appeal, the Petitioner seeks "relief from the conviction and the sentence[,]" arguing that the trial court erred in the "application of the 3 misplaced enhancement factors" and in convicting him of second degree murder as a lesser-included offense of first degree murder. The State responds that the Petitioner has waived his enhancement factor argument and that even if the Petitioner had followed the procedural requirements of filing a petition for writ of habeas corpus, his argument would still be without merit because second degree murder is a lesser-included offense of first-degree murder. We agree with the State.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the trial court's findings and conclusions. Summers, 212 S.W.3d at 255.

We initially observe that the Petitioner had failed to meet the statutory procedural requirements for a petition for writ of habeas corpus. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 16, 19-20 (Tenn. 2004); Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." Hickman, 153 S.W.3d at 21. As noted by the State and the trial court, the instant petition was not "verified by affidavit" as required by Tennessee Code Annotated section 29-21-107(a). This court has routinely affirmed summary dismissal of habeas corpus petitions that were not verified by affidavit. See, e.g., Darrell Lamar Fritts v. Howard Carlton, Warden, No. E2010-01574-CCA-R3-HC, 2011 WL 2416563, at *2 (Tenn. Crim. App. June 13, 2011), perm. app. denied (Tenn. Sept. 21, 2011).

Not only has the Petitioner failed to follow the statutory procedural requirements for filing a petition for writ of habeas corpus, but he has also failed to establish that he is entitled to relief. First, any argument regarding the application of enhancement factors during sentencing has been waived, as it was not presented to the trial court. See Cauthern v. State, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) (noting that "any issue raised for the first time on appeal is waived"). Likewise, the Petitioner is incorrect in his assertion that second degree murder was not a lesser-included offense of first-degree murder at the time he committed the offense.[1] As noted by the State, second degree murder has always been the "immediately lesser offense" of first-degree murder. State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998). Therefore, despite the Petitioner's assertion to the contrary, the trial court had the authority to enter the judgment against the Petitioner after the jury found him guilty of second degree murder, despite his being indicted for first-degree premeditated murder. See Strader v. State, 362 S.W.2d 224, 227 (Tenn. 1962) (explaining that a person on trial for a certain felony "is also on trial for all its lesser included offenses, as the facts may be"). The Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court summarily dismissing the petition.



ALAN E. GLENN, JUDGE

---

[1] The State also notes that because this is the Petitioner's second habeas corpus petition with the same argument regarding lesser-included offenses, see Juan La Sean Perry, 2018 WL 3913505, at *1, it was properly dismissed as the issues were previously determined. We agree. See, e.g., Eric Thomas v. State, No. M2018-01153-CCA-R3-HC, 2019 WL 3385196, at *6 (Tenn. Crim. App. July 26, 2019) ("Because the facts presented in the first two habeas corpus petitions and the present petition were the same and because the Petitioner's issues were necessarily decided in those appeals, we conclude that his issues were previously determined.").